### FARJEON v. FOGG.

(Supreme Court, Special Term, New York County. February, 1896.)

INSURANCE—CONDITION PRECEDENT TO RIGHT OF ACTION—VALIDITY.

A fire policy, executed by a firm as agents and attorneys in fact for various underwriters, whose names such firm attached to the policy, provided that no suits or other proceedings should be begun against any of the underwriters until after suit had been brought against the members of such firm, as the attorneys in fact, for the full amount of the loss or claim, and final determination of such suit, etc. *Held*, that the condition precedent to the right of action on the policy was against public policy, and void, in that such attorneys were not parties to the contract, and no cause of action on it could exist against them.

Action by Harry R. Farjeon against John A. Fogg to recover a proportionate amount of the loss sustained by plaintiff's assignor on a certain policy of insurance issued by several individuals, of whom defendant was one, known as the New York Central Lloyds, in which plaintiff demurred to the second defense. Demurrer sustained.

Blumenstiel & Hirsch, for plaintiff.
Jones & Gilbert, for defendant.

TRUAX, J. Demurrer to the second defense. This action is brought against the defendant to recover a proportionate amount of loss sustained by the plaintiff's assignor upon a certain policy of insurance issued by several individuals, of which the defendant is one, known as the New York Central Lloyds. The complaint sets forth that on or about the 12th day of March, 1895, in consideration of the sum of $50, the defendant and certain other individuals, acting separately, however, and not one for the other or any of the others, did, by an instrument in writing, duly subscribed by him (defendant), through Clark & Fitzgerald, the agents and attorneys in fact for the defendant, agree to insure one Jacob H. Cohn, of Chicago, to the amount set opposite the name of defendant, and of said other individuals, known as the underwriters of the New York Central Lloyds, in the sum of $5,000, for the term of

one year from the 5th day of March, 1895, against all direct loss or damage by fire to the property mentioned and described in a certain policy, which was then issued, duly subscribed by the defendant and the other underwriters, known as "Policy No. 18668," which policy of insurance was duly issued to the said Jacob H. Cohn through Clark & Fitzgerald, the agents and attorneys in fact for the said defendant and the other underwriters; that the amount which the defendant agreed to be responsible for in the policy was the sum of $192$^8/$_{26}$; that a fire occurred on March 26, 1895, whereby the property insured was damaged in the sum of $79,859.50; that thereafter the loss was adjusted by adjusters duly representing the New York Central Lloyds and the defendant, and fixed at $52,000; and that the amount of loss applicable to the said policy pursuant to the adjustment was the sum of $3,795.77, and the said Clark & Fitzgerald, acting for the defendant and the other underwriters, agreed to pay the same to Cohn; that all the terms and conditions of the policy required to be performed by Cohn were duly complied with; that by the terms of said policy, duly executed by the defendant, it is provided that in no event or contingency shall any underwriter be liable for any portion of the other underwriters' liability, and that the liability assumed by each underwriter shall be separate and individual, as if each underwriter had issued or subscribed a separate policy, their liability being several, and not joint; that prior to the commencement of the action the claim was assigned to the plaintiff, and that the proportionate amount of loss as adjusted, which, by the terms of the policy, the defendant is liable to pay, is the sum of $145.99, payment of which has been demanded and refused. The defendant, by his answer, admits the issuance of the policy by himself and other individuals known as the underwriters of the New York Central Lloyds, and that the amount which the defendant agreed to be responsible for under the policy is correctly stated in the complaint. All the other allegations in the complaint are denied, and then as a separate defense it is alleged as follows:

"For a second and separate answer and defense herein this defendant alleges that under the terms and conditions of said contract and policy of insurance mentioned in the complaint it was mutually agreed between the assured and this defendant, and each one of said underwriters, that no suits or other proceedings at law or in equity should, in any event, be begun or maintained by the assured for the recovery of any claim upon, under, or by virtue of said policy, or to enforce the provisions thereof against the individual underwriters thereon, or any of them, or against the defendant, until after suit shall have been brought against Milton Clark and John W. Fitzgerald, as attorneys in fact, for the full amount of the loss or claim, or full and complete relief claimed under said policy, and until after the final determination of such suit or proceeding; it being further mutually agreed that the time required for the final determination of said action, and thirty days thereafter, should not be considered as any part of the twelve months limitation mentioned in said policy. This defendant alleges that these covenants and agreement provided that such action against the said Clark and Fitzgerald as attorneys in fact was a condition precedent to the beginning of this action; that no such suit against Clark and Fitzgerald has been commenced by plaintiff, and the said condition has not been complied with, and the plaintiff cannot now maintain this action."

I am of the opinion that the demurrer must be sustained. The condition precedent .set up in the second defense requires plaintiff to bring an action at law upon a contract against certain persons who never were parties to the contract, and never, by devolution, assumption, novation, or otherwise, assumed any obligation thereon; that is, it requires the plaintiff to bring an action against persons against whom he has no cause of action. This provision is against public policy, and therefore void. This case is to be distinguished from that class·of cases in which the obtaining of the certificate of an architect or engineer as to the amount and value of the work done is made a condition precedent to the commencement of an action. Such conditions precedent were ·before the courts in Byron v. Low, 109 N. Y. 291, 16 N. E. 45, and Sweet v. Morrison, 116 N. Y. 19, 22 N. E. 276, and were held valid.

The demurrer is sustained, with costs.        °