---

NEW JERSEY & P. CONCENTRATING WORKS v. ACKERMAN et al.

(Supreme Court, Appellate Division, First Department.   June 5, 1896.)

1. INSURANCE—AGREEMENT TO LIMIT LITIGATION.
   A stipulation in a policy on which 100 underwriters are severally liable for the one-hundredth part of the insurance, and that the assured shall not sue more than one of the underwriters at one time, and that a final decision in any action thus brought shall be decisive of the claim of the assured against each of the underwriters who agree to abide the event of the suit, is not void as against public policy; and, in an action in which all the underwriters were made parties defendant, a plea that it was brought in violation of the agreement should have been sustained.   Ingraham, J., dissenting.   37 N. Y. Supp. 489, reversed.

2. SAME—LIMITATION OF ACTIONS.
   Under a condition in such policy that no action shall be brought on it after three years, service on one of the defendants within the time is sufficient to prevent the running of the limitation as against all the defendants.

Appeal from special term, New York county.

Action by the New Jersey & Pennsylvania Concentrating Works against Charles F. Ackerman and others on a policy of insurance. From an interlocutory judgment entered on an order sustaining a demurrer to the second and third defense of the answer (37 N. Y. Supp. 489), defendants appeal.   Reversed as to the second defense. Affirmed as to the third.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Herbert Barry, for appellants.
A. Walker Otis, for respondent.

BARRETT, J.   The facts upon which the questions of law presented by the demurrer are raised are fully and accurately stated by the learned judge at special term, in the opinion there filed.   The main question is as to the validity of the stipulation that suit shall

not be brought or maintained upon any claim arising out of the insurance in question against more than one of the underwriters at one time, and, further, that a final decision in any suit thus brought shall be decisive of the claim of the assured against each of the underwriters. In consideration of this stipulation upon the part of the assured, each of the underwriters waives any limitation as to costs, and agrees to abide the event of any such suit. This contract, in our judgment, runs counter to no rule founded upon public policy. Upon the contrary, public policy favors any agreement which tends to prevent multiplicity of actions. The purpose of the contract is to have all questions between the parties settled in one action. That purpose is clearly commendable. We have here not 100 separate policies of insurance, but one policy underwritten by 100 insurers contracting severally, and so contracting in consideration of a premium paid to them, it seems, as a body. Why should not all questions between these parties be settled in one action against one of their number? And why should not the separate claims of the insured against the other 99 await the finality of such single action? It may possibly be that, when the single action is ended, the 99 will not respond. But what of that? The crucial fact is that they have agreed to respond, and, if they fail to do so, the courts are open to the assured. At that epoch the 99 will simply have no defense. By their contract, the judgment against one of their number who was first sued will be res adjudicata as to them. The contract limitation will not run against the remaining 99 claims of the assured pending the litigation of such single action. As to them, the right of action, under the terms of the contract, matures only when such single action has finally terminated in favor of the assured. What is there, then, against the validity of the contract? Simply, the bare possibility that, upon the termination of the first action in favor of the assured, the underwriters may still refuse to pay,—may, in fact, resort to guerrilla warfare or dilatory tactics. The answer is that the contract contemplates loyal submission of both parties to the final judgment of the court in the single action. People may always attempt to avoid their engagements, however binding in form. They do this sometimes even with regard to existing actions. Stipulations that several actions shall abide the event of one are not always loyally observed when the one action has terminated; but, because of the possibility of a doubt upon that head, the law does not discourage such stipulations. We see no reason why sensible business men, contracting with presumable honesty, may not, if they choose, engage for the settlement of any future difference in the simple and inexpensive manner provided for in this policy.

What difference is there between a stipulation to abide by the event of one suit without bringing the other 99, and a stipulation to abide by the event of one suit after bringing the other 99? In each case the party is entitled to judgment and execution upon the final decision of the one suit. He may not secure it quite as speedily in the one case as the other; but the immediate right thereto is the same. The only substantial difference is that costs are saved in the

one case, and incurred in the other; and that difference in the policy in question is to the advantage of both parties.  There is here no attempt to oust the court of any part of its jurisdiction, or to supersede the ordinary methods of trial, or to deprive the assured of the protection of the law.  The stipulation simply recognizes the undoubted fact that, while the underwriters contract severally, their obligation is precisely alike, under the same policy, signed by all. These views are not antagonistic to those expressed in Knorr v. Bates, 14 Misc. Rep. 501, 35 N. Y. Supp. 1060.  There the agreement was (so said the court) that no action should be brought against any of the underwriters, but only against their attorneys in fact. The learned court held that that provision in the policy amounted to a stipulation that in no event should the underwriters be sued for the enforcement of their obligation.  It is true that the underwriters there agreed to abide the result of the action against their attorneys, but the court held that the attorneys were not parties or privies to the underwriters' promise; that they were strangers to the contract; and that an action could not be maintained against them upon it.  We took a different view of the liability of attorneys in fact for certain underwriters in Leiter v. Beecher, 2 App. Div. 577, 37 N. Y. Supp. 1114, where the question arose in a direct action against such attorneys.  But the ruling in Knorr v. Bates proceeded entirely upon the view there entertained, that no action would lie against the attorneys, and consequently that the condition precedent of a judgment against them could never be fulfilled.  Here, however, there can be no question of the right to maintain the one action against the one underwriter.  Consequently, the conclusion in Knorr v. Bates, that the stipulation there forbade enforcement of the underwriters' liability at any time or in any manner, differentiates that case from the present, and avoids any necessity for its further consideration.

This conclusion leads to the reversal of the judgment appealed from so far as the demurrer to the second defense is concerned.  The right to insist upon the terms of the contract is not waived by failure to demur to the complaint.  What is thereby waived is the right to object to the improper joinder of separate causes of action against each individual defendant.  The plea which is here demurred to is not a plea against such improper blending of causes of action, but a plea that the action is brought in violation of the terms of the contract.  The contract provides that suit shall not be brought against more than one of the underwriters at one time.  The answer pleads that stipulation, and seeks its enforcement.  That has nothing to do with the improper blending of causes of action.  It goes to the root of the contract obligation, and, waiving all questions of form, insists, as matter of substance, that the contract obligation shall be respected.  The action is brought against all; consequently, against more than one at one time.  To this, all can plead the limitation of the contract.  The one first served can, equally with the others, plead this limitation, for he is prejudiced by the violation of the stipulation on that head.  Instead of defending alone, unhampered and unembarrassed by the presence of other underwriters, and by the diffi

culties of procedure to which their presence may give rise, he finds himself in an action essentially foreign to that contracted for. Instead of now defending with the ease, directness, and simplicity of procedure given to a single defendant, he is compelled to share the developments and vicissitudes of a complex litigation, in which the single issue between himself and the plaintiff may be delayed, clouded, and complicated by the issues raised between the plaintiff and the other defendants. It was to avoid all this, as well as to save expense, that the stipulation in question was made. It was to avoid not merely an improper joinder of causes of action, but the bringing of more than one action against one at all, in any form or manner. If 100 separate suits had been brought, certainly each defendant other than the defendant first served could have thus pleaded. It is the same whether one suit is brought against the 100, or one suit against each of the 100. The statutory objection to the form of such actions is one thing. But the contract obligation upon the subject is quite another. The defendants have not waived their right to plead the limitation of the contract by failing to demur to the complaint. They could not take advantage of this stipulation of the contract by demurrer. That could only be done by answer. They were bound to plead the stipulation, and insist upon its terms, or they would have waived it. The demurrer (as already observed) only goes to the vice of improperly uniting causes of action which, disunited, might be maintained. The plea goes to the right to now maintain more than one such cause of action, whether united or disunited. The plea avers that, "in violation of the said stipulation, the plaintiff has brought this action against more than one of the persons who were underwriters, on the policy set out herein, at one time." The demurrer admits the truth of this averment. The plea was consequently good, and should have been sustained.

We think, however, that the demurrer to the third defense was properly sustained. The stipulation of the contract that no action shall be brought upon the policy in any court after three years from the time the accident occurred must be read in connection with the stipulation already discussed. On holding that the latter is valid, the conclusion follows that the limitation as to the time within which an action must be brought relates to the action contemplated by the parties, namely, against one underwriter at one time. The present action was brought upon the policy within the three years. That is averred in the plea. The action as brought may not be sustainable owing to the objection already considered. In fact, it may not be the action which the parties intended. But the fact that the action may fail because it is not brought against one underwriter at one time does not affect the present question. The defendants, as we have seen, are severally liable. An action against one of them was commenced when the first defendant was served. That saved the contract limitation. He who was served within the three years cannot plead it successfully; nor can he who was served afterwards, because the action thus commenced prior to the expiration of the three years stopped the running of the contract limitation until final judgment as between the defendant first served and the

plaintiff.   The plaintiff may discontinue its action as against every defendant save some one who was served within the three years; and it may again proceed against all the other defendants upon obtaining final judgment against the one defendant who may thus be left in the present action.   The plea of these defendants that, as to all of their number save those served within the three years, the contract limitation applies, is bad, and the judgment on that head should be affirmed.

It follows that the judgment appealed from should be reversed as to the second defense, and affirmed as to the third defense, without costs of this appeal or of the special term, with leave to the plaintiff to apply at special term for such relief as it may be advised.

VAN BRUNT, P. J., and RUMSEY and O'BRIEN, JJ., concur.

INGRAHAM, J. (dissenting).   This action is brought to recover for a loss under a policy of insurance under which these defendants agreed to insure the plaintiff against all liability arising from accidental bodily injury or loss of human life caused to any employé or employés of the plaintiff at the place or places mentioned in the application.   The policy of insurance or contract to enforce which the action is brought is annexed to the complaint and made a part thereof.   The complaint demands judgment against each of the individuals and co-partnerships made defendants, for the sum of $250,-000, with interest.   The contract annexed to the complaint, after reciting the consideration, provides that:

"Each of the subscribers hereto, as a separate underwriter, does for himself, and not one for the other, hereby insure the New Jersey and Pennsylvania Concentrating Works from the 8th day of June, 1892, to the 8th of June, 1893, at noon, against the following several risks: * * * Subject to the following conditions: (1) The liability of each of the underwriters, and the amounts insured by him, shall be the one-hundredth part of the aggregate amounts insured hereunder."

The policy also provides that:

"Each of the present subscribers, as a separate underwriter, binds himself severally, and not jointly with any other, for the true performance of the promises for the amount expressed to be insured by him."

Whereupon follows the attestation clause, as follows:

"In witness whereof, the subscribers, as separate underwriters, do severally subscribe their names, at the city of New York, this 8th day of June, 1892."

And this instrument is signed by each of the defendants or firms constituting the obligors.   This agreement thus being made a part of the complaint, the legal rights and obligations of the parties under it to be determined from a construction of the agreement appear upon the face of the complaint.   Certain of the defendants served a joint answer to this complaint, wherein they admit the execution of the contract substantially as alleged in the complaint, and, after denying several of the allegations of the complaint, allege two separate and distinct defenses, respectively known as the second and third defenses; and to each of these separate defenses the plaintiff demurs, on the ground that said defenses are insuffi-

cient in law, upon the face thereof.    That demurrer was sustained by the court below.

The second defense alleges as a defense, by these answering defendants, the provision of a clause in the contract, known as "clause 9," whereby the assured stipulates that suit shall not be brought or maintained upon any claim arising out of the present insurance against more than one of the underwriters at one time, and alleges that, in violation of this stipulation and of the said terms and conditions of the said policy, the plaintiff has brought this action against more than one of the persons who are underwriters on the policy set out herein at one time.    I do not think that this defense as pleaded is sufficient on the face thereof.    This contract sued upon is a several contract, each one of the underwriters severally becoming liable to the plaintiff for one-hundredth of the aggregate amount insured thereunder; and each of the subscribers, as a separate underwriter, binds himself severally, and not jointly with any other one, for the true performance of the terms of the agreement for the amount expressed to be insured by him.    The obligation is therefore several, and not joint, and the liability of each separate underwriter to the plaintiff is for a specific proportion of the amount of the loss; and for the amount for which each separate underwriter is liable neither of the other underwriters or subscribers to the policy is responsible.    This liability is as much a separate and distinct liability against each underwriter as though the obligation was contained in separate instruments, and it is clear that the right to recover against each separate underwriter is a distinct cause of action against each individual; and, under the provisions of section 484 of the Code, such causes of action cannot be united in the same complaint, as each cause of action does not affect all the parties to the action.

Section 454 of the Code does not apply, because each party to this policy or contract is liable only for a separate amount,—one-hundredth of any loss.    That section referred only to a case where two or more parties were severally liable to pay one amount which was sued for; and the mere fact that, where two parties are severally liable to pay the same sum of money, they may be joined in one action, does not allow a suit to be brought against two parties who were severally liable not to pay the same amount, but each one to pay a separate and distinct amount.    Nothing in this section is intended to affect the provision contained in section 488 of the Code, which expressly provides that, to justify the plaintiff in uniting in the same complaint two or more causes of action, it must appear that such causes of action affect all the parties to the action; while here it expressly appears upon the face of the complaint that the judgment that the plaintiff asks against each defendant does not in any way affect the other defendants.    This misjoinder of causes of action was a defect appearing upon the face of the complaint, and, under section 488 of the Code (subdivision 7), was an objection to the complaint, and a ground of demurrer.    That objection not having been taken to the complaint by demurrer, under section 499 of the Code, it is waived.

The provision in the contract which is made the basis of this defense is that suit "shall not be brought or maintained upon any claim arising out of the present insurance against more than one of the underwriters at one time." The plaintiff thus had a right to bring a suit against one of the defendants. He brought it against all. He had a good cause of action against the individual whom he first served in this suit, brought against all of the defendants, upon the independent agreement of that defendant to pay one-hundredth of the loss sustained by the plaintiff. The fact that he joined with that good cause of action other causes of action, which were not properly joined, or which, under the contract, he was not entitled to maintain, was no defense to the action against the individual defendant first served, and whom he was entitled to sue; and a joint answer of all the defendants who have been served, simply setting up this covenant not to maintain an action against a part of them, is not a good defense to the plaintiff's cause of action. At most, it could be an objection that causes of action have been improperly united, and thus demurrable; but it is not a defense to the whole cause of action, or to the single cause of action, that the plaintiff alleges against one single defendant, which he was entitled to bring, and to which this condition in the policy is no answer. I think it clear, therefore, that this joint answer of these defendants, without alleging that any action other than the one in which this defense is interposed is pending, is wholly insufficient as a defense of the cause of action alleged in the complaint; and that the question discussed by the learned judge at special term, and by the counsel on this appeal, is not presented in this case. I agree, however, with Mr. Justice Barrett, that this clause in the contract is not open to the objection relied upon by the learned judge at special term. There is no covenant here that the parties to this instrument will not have full liberty to prosecute or defend in the courts of this state. It is simply an agreement by which the method of enforcing this particular contract is regulated. The plaintiff has the right to sue on the contract. He simply agrees that he will bring his action to recover the separate obligation of one defendant before he brings his action against the others; and it is difficult to see what objection there is to the parties making such an agreement, or to the court's enforcing it.

The plaintiff also demurs to the third defense set up in the answer. That defense alleges that, "in and by the policy set forth in this answer, it is provided that no action shall be brought upon such policy in any court after three years from the time that the accident occurred, upon or by reason of which the cause of action accrues." The defense further alleges that the summons and complaint were served upon three of the defendants who joined in this answer prior to the 12th day of August, which was within three years from the time of the accident which caused the loss upon which the cause of action arose, but that the summons was not served upon the other answering defendants until after such 12th day of August. As this is a joint answer alleging a defense for all the defendants uniting in it, and as it is clearly upon its face an

insufficient defense as against the three defendants upon whom the summons was served prior to the 12th day of August, the defense is insufficient, and the demurrer to it was properly sustained.

The judgment appealed from should therefore be affirmed, with costs.