(18 Misc. Rep. 593.)

BIGGERT v. HICKS.

(City Court of New York, General Term. December 12, 1896.)

CONTRACTS—PUBLIC POLICY—RESTRICTING RIGHT TO SUE.
    A provision in an insurance policy, that no action shall be brought on it by insured except against the attorneys in fact, representing insurers, is against public policy, as ousting the courts of jurisdiction. Knorr v. Bates, 33 N. Y. Supp. 691, 12 Misc. Rep. 395, followed.

Appeal from special term.
Action by Joseph M. Biggert against Henry C. Hicks. From an interlocutory order sustaining plaintiff's demurrer, defendant appeals. Affirmed.
Argued before VAN WYCK, C. J., and O'DWYER, J.

Walter J. Taylor, for appellant.
Edgar J. Nathan, for respondent.

VAN WYCK, C. J. The plaintiff's demurrer was to the separate defense that the policy of insurance under which defendant was sued as one of several underwriters contained a provision that:

"No action shall be brought to enforce the provisions of this policy except against the general managers, as attorneys in fact, and representing all of the underwriters; and each of the underwriters hereby agrees to abide the result of any suit so brought, as fixing his individual responsibility hereunder."

This demurrer was properly sustained. The common pleas, general term, Pryor, J., writing (35 N. Y. Supp. 1060), has passed upon this specific question in Knorr v. Bates, 33 N. Y. Supp. 691, 12 Misc. Rep. 395, in affirming the special term decision of Bischoff, J., holding that such a provision in such policy of insurance cannot be enforced against the insured if he objects; and such is the ruling in Farjeon v. Fogg, 16 Misc. Rep. 219, 37 N. Y. Supp. 980. And our general term, in obedience to the ruling in the Knorr Case, has so decided in Ralli v. Hillyer, 15 Misc. Rep. 692, 40 N. Y. Supp. 1148. However, appellant's counsel contends that these decisions should be disregarded, because of the decisions by the appellate division of First department in Leiter v. Beecher, 2 App. Div. 577, 37 N. Y. Supp. 1114, and Concentrating Works v. Acker-

mann, 6 App. Div. 540, 39 N. Y. Supp. 585. But a careful reading of the opinions in these two cases show that the precise question involved in this case was not passed upon in those cases.

The interlocutory judgment is affirmed, with costs.

O'DWYER, J., concurs.