JAMES COMPTON, as Receiver of THE MIDDLEPORT MANUFACTURING Company, Respondent, v. WILLIAM C. BEECHER and Others, Appellants.

*An action upon a fire insurance policy, issued under the Lloyds system — it may be brought against the attorneys in fact of the underwriters — service of proofs of loss — secondary evidence of originals, not produced, when competent — denial on information and belief, in an answer of a firm, when improper.*

Where a policy of fire insurance, issued under the Lloyds system, contains a provision that "no action shall be brought by the assured to enforce the provisions of this policy except against the attorneys in fact, as representing all of the underwriters, and each of the underwriters hereby agrees to abide the result of any suit so brought, as fixing his individual responsibility hereunder," an action to recover a loss under the policy is properly brought against the attorneys in fact.

Where proofs of loss are sent in a registered letter to the proper address, and a registry receipt, apparently executed by the proper party, is returned through the post office, and one of the attorneys in fact, who is also the attorney of record, produces upon the trial of an action brought upon the policy, a copy of the proofs, due service of the proofs will be inferred, although the attorney testifies that he has never seen the originals.

Where it is apparent, from the testimony of an attorney in fact of underwriters, who is also the attorney of record, that he might, if he chose, produce the originals of papers, the court is justified in admitting secondary evidence of their contents, although the attorney states that he does not know where the originals are.

Where a firm has within its control the means of information sufficient to form a belief in respect to the truth of allegations in a complaint against its members, one of the firm may not properly or safely verify an answer denying those allegations either on information and belief, or on the ground that the firm has not sufficient knowledge or information to form a belief.

APPEAL by the defendants, William C. Beecher and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Niagara on the 24th day of October, 1896, upon the verdict of a jury for $2,656 damages, rendered by direction of the court, and also from an order bearing date the 15th day of September, 1896, and entered in said clerk's office, denying the defendant's motion for a new trial made upon the minutes.

*William C. Beecher*, for the appellants.

*George D. Judson*, for the respondent.

FOLLETT, J.:

This action was begun October 19, 1895, to recover on a policy of insurance issued by the "Indemnity Fire Lloyds," November 26, 1894, insuring the Middleport Manufacturing Company against loss or damages by fire until November 26, 1895, on property which it is conceded was destroyed by fire June 6, 1895; and it was proved on the trial, and not disputed, that the loss exceeded the amount of the insurance on the property burned.

The policy is known as a Lloyds policy. Sixteen firms and persons underwrote this policy by their attorneys, Beecher & Co., every underwriter assuming a several liability for $156.25, aggregating $2,500. Beecher & Co. held sixteen powers of attorney, all alike, one being executed by every one of the sixteen underwriters, in which Beecher & Co. are termed "attorneys in fact." These powers are very broad and authorize the attorneys in fact to sign the names of the persons executing the powers to insurance policies, to cancel policies, settle losses, pay claims, defend, compromise or settle actions, and, in short, the powers authorize the attorneys in fact to do every necessary act in respect to insurance. The powers also contain the following provision: "To stipulate in my name that I will abide by the event of any suit that may be brought against such attorneys in fact upon, or to enforce, any policy or other evidences of insurance issued by them in my name, pursuant to the terms and conditions of this power of attorney." It was established on the trial that the policy in suit was issued by Beecher & Co. pursuant to powers of attorney given by the several underwriters whose names were indorsed on the policy. The general form of the policy is a New York standard policy, with the necessary changes to adapt it to the Lloyds method of insurance. Among other provisions of the policy is the following: "And the total liability of each underwriter on *all policies now or hereafter in force*, after the application of the total unexpended and undivided premiums, shall not exceed five thousand dollars (the original subscription of $1,000 each being therein included)." This provision is evidently designed

to secure each underwriter against liability for losses beyond $5,000 on all the policies in case the scheme should prove unprofitable to them. However, this unjust provision to the insured is not involved in this litigation. It is also provided in the policy that " no action shall be brought by the assured to enforce the provisions of this policy except against the attorneys in fact, as representing all of the underwriters, and each of the underwriters hereby agrees to abide the result of any suit so brought, as fixing his individual responsibility hereunder. Any action which may be brought in behalf of the said underwriters to enforce any of the terms or provisions of this policy, or for the collection of any premium due thereunder, may be brought against the assured in the name of the said attorneys in fact as plaintiffs with the same force and effect as though brought in the names of the several underwriters.

" Judgment entered in such an action shall be satisfied out of the premiums in the hands of the underwriters unexpended and undivided ; if such premiums shall be insufficient, then out of the deposit made by the several underwriters ; if both shall be insufficient, then out of the individual liability of the several underwriters as hereinbefore expressed and limited ; but in no case shall the judgment bind the property of the said attorneys to a greater extent than the several liabilities of each of them as individual underwriters."

It is provided by the powers of attorney that the moneys received from the business shall be deposited in a bank or trust company, and that the losses be paid therefrom by checks signed by a member of the advisory committee and countersigned by the attorneys in fact. It appears that each of the sixteen underwriters deposited $1,000 to establish a fund for the security of the policyholders. By the clause last quoted from the policy it will be observed that judgments recovered for losses shall be satisfied, *first*, out of the premiums in the hands of the underwriters ; *second*, out of the deposit made by the several underwriters, and *third*, if both funds shall be insufficient, out of the individual liability of the several underwriters. It does not appear that either the first or second fund so set apart for the payment of losses has been exhausted.

This action is prosecuted against the individual members of the firm of Beecher & Co., the attorneys in fact, to recover on the

policy against them as representing all of the underwriters, as provided in the clause quoted from the policy.

The judgment rendered herein provides that it shall be paid, *first*, out of the unexpended premiums on hand; *second*, if not paid from that fund, out of the fund established by the deposit of $1,000 by each of the underwriters, and in case it is not paid out of either fund, the amount shall be paid by the sixteen underwriters, their liabilities being adjusted at $187.51 each.

The justness of the plaintiff's claim was not questioned on the trial, where the defendants urged but two defenses: (1) That the action could not be maintained against the attorneys in fact; (2) that proofs of loss were not served on the attorneys of the underwriters within sixty days after the fire.

The counsel for the appellants, in support of the first defense, cites *Knorr* v. *Bates* (12 Misc. Rep. 395; affd., 14 id. 501) and *Ralli* v. *Hillyer* (15 id. 692), and attempts to distinguish *Leiter* v. *Beecher* (2 App. Div. 577).

Besides the cases above referred to, the question as to the validity and effect of the provision common in Lloyds policies, that an action for the recovery of a loss sustained shall be maintained only against the attorneys in fact, has been considered in *Farjeon* v. *Fogg* (16 Misc. Rep. 219); *Biggert* v. *Hicks* (18 id. 593), and *Lawrence* v. *Schaefer* (19 id. 239). *Biggert* v. *Hicks* was brought against one of several underwriters on a Lloyds policy containing a provision that no action should be brought to collect a loss except against the attorneys in fact. The defendant answered and set up this provision as a defense, to which the plaintiff demurred, and his demurrer was sustained. *Lawrence* v. *Schaefer* was brought against one of several underwriters to recover a loss under a Lloyds policy. The defendant pleaded as a defense the provision that suits should be brought only against the attorney in fact. The case was tried and the complaint was dismissed on the ground that the action should have been brought against the attorneys in fact, and that it could not be maintained against an individual underwriter. It was held that the provision restricting the right of action was not void as against public policy, while in *Knorr* v. *Bates, Ralli* v. *Hillyer, Farjeon* v. *Fogg* and *Biggert* v. *Hicks* it was held that the restriction was void as against public policy.

There is a wide difference in principle between restricting the power of the courts to adjudicate on the rights of litigants arising under contracts, and a provision that a fund owned by the persons liable in damages may be reached in an action against the custodians of that fund, and that the individual liability of the owners of the fund shall be fixed by the judgment in such action and enforced against them after the fund is exhausted. In actions brought against such an underwriter before actions brought against the attorneys in fact, the question whether the fund has been exhausted or so reduced that an action against the attorneys in fact would be of no avail, may not be wholly unimportant, though perhaps not controlling. However, the question whether an action against an underwriter on a Lloyds policy can be maintained before the remedy against the fund is exhausted, in case there is a fund, is not before the court, and it is not intended to intimate any opinion on that question. It is sufficient to say that any cases in which it was held that such an action may be maintained did not involve the question whether an action may be maintained against the attorneys in fact, and are not germane to the question now before the court. *Leiter* v. *Beecher et al.* (2 App. Div. 577) was brought on a Lloyds policy against the attorneys in fact for the recovery of a loss. The policy contained the same provision in respect to suits as is contained in the policy in this case. The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The question argued was that such an action could not be maintained against the attorneys in fact, but the demurrer was overruled, and it was expressly held that such an action can be maintained. In that judgment this court concurs. The question now before the court was not involved in *Concentrating Works* v. *Ackermann* (6 App. Div. 540), but the reasoning of the learned justices who wrote in that case sustains the right of the plaintiff to maintain this action. Upon principle and authority, this action was well brought against these defendants.

Is the second defense, that proofs of loss were not duly served, sustained ?

It is conceded that " proofs of loss were dated and executed June 28th, 1895, and in form, contents and manner of execution fully conform to all the requirements of the policy." The attorney who

prepared the proofs testified that June 29, 1895, he mailed them in a registered letter, addressed to "Indemnity Fire Lloyds of N. Y., Beecher & Co., Attorneys, Nos. 44, 46 and 48 Cedar St., New York City, N. Y.," which is the identical address printed on the back of the policy issued on the twenty-sixth of the preceding November. The witness produced a registered letter receipt, of which the following is a copy:

One side indorsed as follows:

"Registry Return Receipt, June 29, 1895, Reg. No. 77, from post office at Middleport, N. Y., addressed to Indemnity Fire Lloyds of N. Y., Beecher & Co., Attorneys, Nos. 44, 46 and 48 Cedar St., New York City, N. Y. Received the above-described Registered letter.

    "(Signed)      INDEMNITY FIRE LLOYDS,

                        "By A. M. Best."

The other side is indorsed as follows:

"New York, *July* 2, 1895, 4:30 p. m. Return to Middleport Mfg. Co., Middleport, N. Y."

It was shown that Mr. Best was an employee of the Indemnity Fire Lloyds at the office to which the letter was addressed.

Pursuant to a notice to produce these proofs, William C. Beecher, one of the attorneys in fact and the attorney of record, produced at the trial a copy of the proofs and testified that he had never seen the originals. He evidently knew where they were or had been, for they were or had been within the control of the defendants, so that they were able to have a copy made. The attorney for the plaintiff testified that about April 15, 1895, he called at the office of the Indemnity Fire Lloyds, on Cedar street, and asked to see the original proofs of loss, and that they were shown to him by an employee of that office. This was not disputed. The policy and loss clerk of the Indemnity Fire Lloyds, who was employed at the Cedar street office, testified that he received the proofs of loss and made up a statement from them for a meeting of the underwriters held at the office about July 7, 1895, and delivered the statement to the meeting of underwriters. This was not disputed.

The defendants sought to avoid the effect of this evidence by calling William C. Beecher, who testified that the proofs of loss were not served on, nor received by, Beecher & Co. And he

further testified that January 25, 1895, Henry Edwards & Co. succeeded Beecher & Co. as attorneys in fact for the Lloyds as to all new business; that Beecher & Co. vacated the offices at Nos. 44, 46 and 48 Cedar street, which rooms were thereafter occupied by Henry Edwards & Co., where the new business of Lloyds was thereafter transacted. The name Beecher & Co. was removed from the doors and the name of Henry Edwards & Co. was substituted. The lettering, "Indemnity Fire Lloyds," remained on the doors. Beecher & Co. removed to an office on a lower floor of the same building. Beecher testified that Beecher & Co. had charge of settling the losses under policies issued by them. On the contrary, the policy and loss clerk testified that Henry Edwards & Co. settled some of the losses under policies issued by Beecher & Co. There is no merit, but much positive demerit, in this defense, which was sought to be supported by testimony which, to say the least, was disingenuous. At the close of the evidence, the counsel for the litigants agreed that there was no question of fact for the jury, and each asked that a verdict be directed, which was done. This left the court to decide the questions of fact, and it was well decided that proofs of loss were duly served and received.

It is urged by the appellants that the court erred in permitting the plaintiff to give secondary evidence of the existence and contents of the powers of attorney and secondary evidence of the proofs of loss. The plaintiff duly served a notice to produce the original powers of attorney, the original proofs of loss, and certain other documents. Beecher testified that he had no doubt that the powers had been in the possession of the defendants, but testified "I do not know where they are." Very likely that was literally true, but from the evidence it is quite probable that they were placed beyond his knowledge for the purposes of the cause. Notwithstanding he produced a copy of the proofs of loss, he gave substantially the same testimony in respect to them. This witness verified the answer, in which every allegation in the complaint was denied, either on information and belief, or upon the ground that defendants had not sufficient knowledge or information to form a belief. It was alleged in the complaint that the defendants were organized under the name and style of the Indemnity Fire Lloyds; that, November 26, 1894, a policy was issued, describing it; that a

loss had occurred. The witness testified that he was one of the members of Beecher & Co., and that the signature to the policy — "Beecher & Co." — was written by Vincent R. Schenck, a member of the firm. An employee of the Indemnity Fire Lloyds testified that the signature on the policy was written by Vincent R. Schenck; that the policy was recorded in the books of the Indemnity Fire Lloyds, and that the record corresponded with the policy introduced in evidence. Notwithstanding this, the defendants interposed a verified answer, alleging that they had not knowledge or information sufficient to form a belief as to whether such a policy had been issued. When a firm has within its control the means of information sufficient to form a belief in respect to the truth of the allegations in the complaint, one of the firm may not properly or safely verify an answer in the form of the one in this record.

Upon this and other evidence equally significant, which might be pointed out, the learned trial justice was justified in holding, as a question of fact, that the defendants might have produced on the trial the original documents called for, and he correctly received secondary evidence of their existence and contents.

The judgment and order should be affirmed, with costs.

All concurred, except HARDIN, P. J., not voting.

Judgment and order affirmed, with costs.