(20 App. Div. 80.)

LAWRENCE v. SCHAEFER.

(Supreme Court, Appellate Division, Fourth Department. July 29, 1897.)

INSURANCE—RESTRICTING RIGHT TO SUE—VALIDITY.
    A stipulation in a Lloyds insurance policy executed by one of the underwriters for himself, and as attorney in fact for the others, that no action "to enforce the provisions of this policy" shall be brought except against said attorney, who is designated to represent all the underwriters, and that each will abide the result of such action, is valid, and precludes separate actions against the several underwriters till their liability has been fixed in the action against their attorney.

Appeal from trial term, Erie county.
Action by Thomas E. Lawrence against Gustave A. Schaefer. From a judgment dismissing the complaint (see 42 N. Y. Supp. 992), plaintiff appeals.  Affirmed.

Action upon a Lloyds insurance policy, bearing the name of 25 underwriters, executed by C. Hagen, as attorney in fact for the 24 underwriters, and by himself, as one of the 25. The policy provided, among other things, viz.: "No action shall be brought to enforce the provisions of this policy except against the attorney, and representing all the underwriters, and each of the underwriters hereby agree to abide the result of any suit so brought, as fixing his

individual responsibility hereunder. Judgment in any such action shall be satisfied out of the unexpended premiums in the hands of the underwriters; if such premiums shall be insufficient, then out of the deposit made by the several underwriters, as hereinbefore expressed and limited; but in no case shall the judgment bind the property of the said attorney to a greater extent than his liability as an individual underwriter." A loss occurred, and was adjusted and apportioned, and proofs of loss were furnished to the company, "and the proportionate liability of each underwriter is the sum of $83.46." The court found as a fact, viz.: "That no suit has been brought against Hagen as attorney; that each underwriter has been separately sued on this policy, and twenty-five actions are now pending, including one against Hagen, as one of said underwriters." The cause of action was duly assigned to the plaintiff. The court found as conclusions of law, viz.: "I find and decide that before any action can be maintained against the underwriters, individually, to recover upon said policy, and to assert any liability against them as individuals, their attorney in fact must first be sued, as stipulated in said policy. (2) That the clauses in said policy hereinbefore recited, requiring actions for the enforcement of said policy to be commenced primarily against the said attorney, C. Hagen, are valid, and compose part of the contract between the underwriters and the assured." Upon such conclusions of law, the complaint was dismissed, with costs. The trial judge, in an opinion (42 N. Y. Supp. 992), correctly states the facts, and elaborately discusses the questions of law.

Argued before HARDIN, P. J., and ADAMS, GREEN, and WARD, JJ.

George S. Hull and Sidney W. Petrie, for appellant.
A. J. Robertson, for respondent.

PER CURIAM.    The conclusion stated in the findings and opinion of Spring, J., seems to be sustained by Leiter v. Beecher, 2 App. Div. 577, 37 N. Y. Supp. 1114, and Concentrating Works v. Ackermann, 6 App. Div. 540, 39 N. Y. Supp. 585. The attorney, C. Hagen, was also an underwriter, and hence, the case differs from Farjeon v. Fogg, 16 Misc. Rep. 220, 37 N. Y. Supp. 980. The logic of the Leiter Case seems to indicate that the restrictive language used in the policy is not void as against public policy; and the opinion delivered by Spring, J., applies the doctrine of that case, as well as the case of Concentrating Works v. Ackermann, supra, to the questions here presented, and sustains the conclusion reached by the trial judge.    If the foregoing views are correct, the judgment entered thereon should be sustained.

Judgment affirmed, with costs.    All concur, except HARDIN, P. J., not voting.