(26 Misc. Rep. 407.)

LOWREY v. BATES.

(Supreme Court, Appellate Term.   February 24, 1899.)

1. MISJOINDER OF PARTIES—PLEADING—WAIVER.
   Where the defense of misjoinder of parties defendant depends on a special condition in the contract out of which the action arose, the defense must be pleaded.

2. PRINCIPAL AND AGENT—AUTHORITY OF AGENT.
   A power "to acknowledge or contest any claim," and "to defend, compromise, or settle any suit," includes power to appeal from a judgment in a suit.

8. LLOYD'S INSURANCE—ENFORCEMENT OF JUDGMENT.
   Where a policy provides that a judgment obtained thereon shall be satisfied out of unexpended premiums in the underwriters' hands; if insufficient, then out of the deposit by the several underwriters; then out of the individual liability of the underwriters,—insured cannot enforce his judgment against an individual underwriter without showing the insufficiency of the premiums and deposits.

Appeal from municipal court, borough of Manhattan, First district.

Action by Zephyrinus A. Lowrey against Andrew J. Bates. There was a judgment for plaintiff, and defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-TRITT, JJ.

George M. Mackellar, for appellant.

Menken Bros., for respondent.

LEVENTRITT, J. The plaintiff seeks to recover the costs of appeal which had been awarded to him in an action upon a Lloyd's insurance policy. Pursuant to its provisions, he had instituted suit against the attorneys for the underwriters to establish his claim to damages for loss by fire. The attorneys appealed from the judgment recovered by the plaintiff in that action, and the costs included in the judgment of affirmance constitute the subject-matter of this litigation. The

defendant is one of 15 underwriters. The remaining 14 were named as defendants in the summons, but none of them were served or appeared. To the complaint, this defendant interposed a general denial. The entire evidence introduced upon the trial consisted of the policy of insurance, a power of attorney from the defendant to the attorneys who had been sued in the original action, the judgment roll therein, the remittitur thereon, and the judgment for the costs in controversy. The defendant moved to dismiss the complaint upon the three grounds following: (1) A misjoinder of parties defendant; (2) the absence of proof of authority in the attorneys to appeal from the original judgment; and (3) the omission of the plaintiff to offer proof of any attempt to satisfy the judgment for costs out of certain funds which, by the provisions of the policy, were made applicable thereto before resort could be had to the individual liability of the underwriters. The justice denied the motion and awarded to the plaintiff judgment for the amount claimed.

Where, as in the case at bar, the defense of misjoinder of parties defendant depends upon a special condition in the contract of insurance, it should be pleaded in the answer; otherwise, it is deemed waived. Concentrating Works v. Ackermann, 6 App. Div. 540, 39 N. Y. Supp. 585.

The second ground is untenable, as the language of the power of attorney is sufficiently comprehensive to authorize the attorneys of the defendant to appeal from the original judgment. It cannot be seriously questioned that the power "to acknowledge or contest any claim," and "to defend, compromise, or settle any suit" brought upon the policy, does not embrace the authority to appeal from, as well as to resist, a judgment in the first instance.

The third ground, however, presents a more serious contention. In the policy it is recited that:

"No action shall be brought by the assured to enforce the provisions of this policy, except against the attorney in fact, as representing all of the underwriters. * * * Judgment entered in such an action shall be satisfied out of the premiums in the hands of the underwriters unexpended; if such premiums shall be insufficient, then out of the deposit made by the several underwriters; if both shall be insufficient, then out of the individual liability of the several underwriters, as hereinbefore expressed and limited."

The plaintiff presented no evidence of the issuance of any execution upon the judgment for costs, or of any attempt to have the unexpended premiums or the deposit applied to its payment, or of the nonexistence or insufficiency of such premiums or deposit. The failure of proof in that regard is fatal to the judgment rendered. The stipulation quoted is a part of the contract, to which the plaintiff assented and by which he is bound. The circuitous method which may have to be adopted, and the difficulties which may be encountered in reaching the funds to which he has agreed primarily to resort, cannot militate against the enforcement of a condition to which he has deliberately assented. Whether the scheme of collection provided by the contract could be made fully operative it is not necessary to consider, since it met with the plaintiff's concurrence. Gough v. Satterlee, 32 App. Div. 33, 52 N. Y. Supp. 492.

The defendant, resisting all liability, did not contend that he was, under the terms of the policy, chargeable with only a pro rata share (one-fifteenth) of the amount of the costs sought to be recovered, and judgment went against him for the whole sum; therefore the extent of the defendant's liability, if any, is not now before us for consideration. The judgment must be reversed, with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.