McLEAN v. TOBIN et al.

(Supreme Court, Appellate Term. April 10, 1908.)

1. INSURANCE—LLOYD'S POLICY—ACTION—PARTIES—DEFENDANTS.

Under a Lloyd's fire policy, providing that no action should be brought on it except against the manager as attorney in fact and representing all the underwriters, and binding the underwriters to abide the result of any suit so brought, an action was properly brought against the attorneys in fact representing the several underwriters named in the policy.

**2. CONTRACTS—VALIDITY—OUSTING JURISDICTION OF COURTS.**

A clause in a fire policy binding insured to bring any action thereon in the Supreme Court of a specified county is invalid, as preventing an exercise of jurisdiction prescribed by the Constitution and statutes.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, § 612.]

**3. INSURANCE—POLICIES—ARBITRATION CLAUSE—WAIVER.**

Insurers cannot defeat an action on a policy because it contained an arbitration clause, where they neither appointed appraisers under the clause nor requested that action be taken under it.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 1436.]

**4. SAME—NONPAYMENT OF PREMIUM—EFFECT.**

Though insurers were not bound to deliver a policy until payment of the premium, they having done so, the nonpayment does not preclude recovery on the policy.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 231.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Angus D. McLean against Stephen R. Tobin and another, as attorneys in fact of Daniel Nobel and others. From a judgment for defendants, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and DAYTON, JJ.

John J. McKelvey, for appellant.
George M. Curtis, for respondents.

SEABURY, J. This action was brought to recover on a Lloyd's policy of insurance. The policy was for $500, and covered certain property at Blount's Creek, Washington county, N. C. The risk insured against was loss by fire. The policy was issued on February 16, 1904, and the property covered by the policy was destroyed by fire on March 17, 1904. No premium upon the policy had been paid. Proofs of loss were duly filed, and this action was instituted in the Municipal Court of the city of New York. The court below rendered judgment for the defendants.

The appeal from this judgment presents for our consideration the following questions: (1) Was the action properly brought against the attorneys in fact representing the several underwriters named in the policy? (2) Is the clause in the policy which specifies that an action upon it can only be brought in the Supreme Court valid? (3) Was there such a breach of the arbitration clause in the policy as to preclude a recovery by the plaintiff? (4) Does the fact that there was no premium paid on the policy preclude a recovery by the plaintiff? These questions we shall now discuss in the order in which they are referred to above.

1. The appellant contends that the action was properly brought against the attorneys in fact for and representing the several underwriters named in the policy. The policy contained the following clause:

"No action shall be brought to enforce the provisions of this policy except against the manager as attorney in fact and representing all of the underwriters, and each of the underwriters hereby agree to abide the result of any suit so brought and defended, as fixing his individual responsibility hereunder."

The right to maintain an action against the attorneys in fact of the underwriters, when such attorneys are also underwriters, has been repeatedly upheld in this department. In Leiter v. Beecher, 2 App. Div. 578, 37 N. Y. Supp. 1114, a similar clause was under review, and the court held that it was valid, and that an action could be maintained against those named in the policy as the attorneys in fact of the underwriters. See, also, the following cases, which follow Leiter v. Beecher, supra, and established the rule which prevails in this department: New Jersey & Penn. C. Wks. v. Ackerman, 6 App. Div. 540, 39 N. Y. Supp. 585; Compton v. Beecher, 17 App. Div. 38, 44 N. Y. Supp. 887; Lawrence v. Schaefer, 20 App. Div. 80, 46 N. Y. Supp. 719; McCredy v. Thrush, 37 App. Div. 465, 56 N. Y. Supp. 68.

We do not understand that Gough v. Satterlee, 32 App. Div. 33, 52 N. Y. Supp. 492, denies the right to maintain the action against the attorneys in fact who are also underwriters. Whatever effect should be given to the views there expressed in determining the ultimate rights of the parties in such an action, and the method by which a judgment rendered against them may be enforced is foreign to the question now presented to us for determination. In any event, the defense of misjoinder, to be available, should have been pleaded. Lowrey v. Bates, 26 Misc. Rep. 407, 56 N. Y. Supp. 197. The action was, therefore, properly brought against the attorneys in fact for and representing the several underwriters named in the policy.

2. The policy also contains the following clause:

"Any action brought to enforce the provisions of this policy must be brought in the Supreme Court, county of New York, state of New York."

The action was, in direct violation of this provision of the policy, brought in the Municipal Court of the city of New York. The question is, therefore, squarely raised, whether this clause is valid. The Constitution and statutes determine the jurisdiction which shall be exercised by the courts of the state; and, their jurisdiction having been lawfully conferred, they cannot be prevented from exercising it, when it is properly invoked, by the private contract of individuals. In Benson v. Eastern Bldg. & Loan Co., 174 N. Y. 83, 86, 66 N. E. 627, 628, Judge Cullen said:

"Nor does the condition go to the jurisdiction of the court. That jurisdiction is prescribed by the Constitution of the state and the statues passed under it. It can neither be added to nor subtracted from by the agreement of the parties. It is true that 'parties, by their stipulations, may in many ways make the law for any legal proceedings to which they are parties, which not only bind them, but which the courts are bound to enforce (Matter of N. Y. & W. R. R. Co., 98 N. Y. 447)'; but the jurisdiction of the court is beyond the agreement of the parties."

Establishing and defining the jurisdiction of the courts is a matter which lies solely within the sphere of public policy, in reference to which the state alone can prescribe, and no contract which seeks to contravene the state's policy in this matter is sacred, nor does the individual possess or the state permit any freedom of contract for this purpose. An agreement not to sue except in the Circuit Court of the United States has been held to be void (Mutual Reserve Fund L.

Ass'n v. Cleveland Woolen Mills, 82 Fed. 508, 27 C. C. A. 212), as has also an agreement not to remove to the federal court a suit commenced in the state court (Doyle v. Continental Ins. Co., 94 U. S. 535, 24 L. Ed. 148; Home Ins. Co. v. Morse, 20 Wall. [U. S.] 445, 22 L. Ed. 365). In Hancock Leather Co. v. Ayrault, N. Y. Law Journal, Dec. 14, 1904, Mr. Justice Scott, at Special Term, considered a case where the policy provided that the action should be brought "in the highest court of original jurisdiction." Referring to this clause the court said:

"This involves the proposition that the parties to the contract could, by agreement between themselves, lawfully and effectively oust certain courts of their statutory jurisdiction. Such a proposition is wholly untenable (Home Ins. Co. v. Morse, 87 U. S. 445, 22 L. Ed. 365), and the clause relied upon must be held to be wholly inoperative and invalid."

3. The policy contained the usual arbitration clause; but, as the insurers neither appointed appraisers under it nor requested that action be taken under it, they are not in a position to invoke this clause for the purpose of defeating the plaintiff's right to maintain this action. Chainless Cycle Mfg. Co. v. Security Ins. Co., 169 N. Y. 304, 62 N. E. 392.

4. The fact that there was no premium paid on the policy does not preclude a recovery by the plaintiff. The defendants were not bound to deliver the policy without the payment of the premium; but, if they saw fit to do so, the validity of the policy was not impaired on this account. Healy v. Ins. Co., 50 App. Div. 327, 63 N. Y. Supp. 1055.

It follows that the judgment appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

GILDERSLEEVE, P. J., concurs. DAYTON, J., taking no part.