(12 Misc. Rep. 395.)

### KNORR v. BATES et al.

### SAME v. ATKINS et al.

(Common Pleas of New York City and County, Special Term.  April 17, 1895.)

1. CONTRACTS—PUBLIC POLICY—RESTRICTING RIGHT TO SUE.
   A provision in an insurance policy that no action shall be brought on it by the insured, except against the attorneys in fact representing all of the insurers, is against public policy, as ousting the courts of jurisdiction.
2. INSURANCE—CONTRACT—EFFECT OF INVALID PROVISION.
   An invalid provision in an insurance policy, attempting to limit the right of the insured to sue, does not destroy the underwriter's contractual ob-ligation to pay in the event of loss.

Actions by Knorr against Bates and others, and by the same plaintiff against Atkins and others.   Defendants demur to the com-plaint.   Overruled.

Carter, Hughes & Kellogg, for plaintiff.
Lexow & Wells, for defendants.

BISCHOFF, J.   These actions are brought upon policies of fire insurance annexed to and made part of the complaints to which the demurrers are interposed.   In each action the defendant who alone appears and demurs is one of the members of certain respec-tive firms acting as attorneys in fact for the underwriters by whom the insurance was assumed.   No claim is made, nor well can be, that the allegations of the pleadings are insufficient to constitute a cause of action were the policies in suit not embodied by intrinsic reference, the ground of the demurrers being that a defense is dis-closed, available to these demurrers, by the terms of the policies as set forth.   The clauses upon which this contention is founded are substantially the same in each policy sued upon, and these issues

may be determined practically as of one action. The provision in the policy subscribed by Bates et al. as underwriters, upon which the decision of both demurrers may proceed, is as follows:

"No action shall be brought by the insured to enforce the provisions of this policy except against the attorneys in fact, as representing all of the underwriters; and each of the underwriters hereby agrees to abide the result of any suit so brought, as fixing his individual responsibility hereunder. * * * Judgment entered in such an action shall be satisfied out of the premiums in the hands of the underwriters unexpended; if such premiums shall be insufficient, then out of the deposit made by the several underwriters; if both be insufficient, then out of the individual liability of the several underwriters, as hereinbefore expressed and limited; but in no case shall the judgment bind the property of the said attorneys to a greater extent than the several liabilities of each of them as individual underwriters."

The demurrant in each action is one of the underwriters of the respective policies in suit, as well as a member of the firm constituting the "attorneys in fact"; and the basis of the argument made is that the pleadings disclose a failure of compliance with the requirement as to actions upon the policy noted above, the demurrant being sued as an individual, and the action not proceeding against the "attorneys in fact." Unless the clauses in question operate to oust the court of jurisdiction, there can be no question as to the propriety of joining all the underwriters, including the demurrants, as defendants, which was done in these actions; the complaint alleging their several liability (Code Civ. Proc. § 454), the joinder not affecting the individual rights of the parties (Id. § 455), and it being expressly provided by the contract that there should be a liability of each underwriter in proportion to the amount of risk assumed by him. It was the common-law practice in actions upon insurance policies of this character for the court to make a "consolidation rule," upon consent of the parties, whereby all the actions which would lie against the underwriters severally should abide the result of one. Phil. Ins. 1989, and cases cited. This result was apparently what these parties in some degree attempted to provide for by agreement in advance, and there would seem to be no reason why such an agreement should not be upheld, the consent of the parties being the principal element of consideration. Doyle v. Anderson, 1 Adol. & E. 635. How far the present agreement would be valid in view of the provision that judgment in the action against the attorneys in fact, as underwriters, in their individual capacity, could be enforced only to the extent of their separate liability, need not be determined, for as to these demurrants, at least, the condition has been fulfilled. Upon the point raised, that the plaintiff should have instituted her action against the "attorneys in fact," as acting in some representative capacity, there can be no doubt as to the futility of the demurrant's contention.

The mere making of a contract through an attorney in fact is only an incident to the contract itself. It need not be said that the contract is just as much the engagement of the underwriters as if made directly by them. What would be the effect if the contract had been made directly with the underwriters, and it had contained a provision to the effect that, if there was a breach of the contract,

plaintiff would not sue them, but would sue A.? Clearly, such a provision in the contract would be void. A step further: Suppose it should provide that, if there were a breach of the contract, certain ones of the underwriters should not be sued and held liable; that would also be void, because the liability of each is a several liability. A single underwriter makes a contract through an attorney in fact, and puts a provision therein to the effect that the insured will sue only the attorney in fact, and not the real party in interest. Would this not be void? Or, A. and B. make a contract under which it is provided that, if there is a breach on the part of A., B. will not sue A., but will sue C., who is a party to the contract only as representing A. as his agent. This would be only an attempt to escape the liability on the part of A., and should unhesitatingly be pronounced void by the court. It would waive a substantial right to be asserted by a litigant. Greenh. Pub. Pol. 333. Except in an action against the underwriters themselves, the courts would be without jurisdiction of the persons to render judgment against them. The provision, therefore, that the underwriters' liability in the event of loss should be ascertained and enforced only in an action against their attorneys in fact, as such, no such action being legally authorized or maintainable, was, in effect, an attempt to preclude the insured from every means of enforcement of the liability. As such, it aimed to deprive the insured of her civil right to apply to the courts for redress, and the courts of their power to extend the redress. In that aspect the provision contravened public policy, and so was illegal and inoperative. Ray, Cont. Lim. p. 116, § 21. It was thus held with regard to a contract pursuant to the terms of which a submission to arbitration was to be the only means of redressing a breach. Hurst v. Litchfield, 39 N. Y. 377. See, also, 1 Am. & Eng. Enc. Law, p. 664, and cases collated in note 1.

The invalidity of the provision to preclude suit against the underwriters did not destroy the latter's contractual obligation to pay in the event of a loss. A distinction is here to be observed between the insured's right to payment of the sum insured and the remedy for the enforcement of such right. The promise of the underwriters to pay was wholly independent of the insured's promise to enforce such payment only in an action against the attorneys in fact, as such, of the underwriters. The insured's promise was intended to affect her remedy only if the underwriters failed to pay as promised by them. The facts in the case at bar, therefore, do not present a case of mutually dependent or interdependent provisions of the same contract, where the invalidity of one provision necessarily involves the annihilation of others. It does not here follow that the underwriters' obligation is extended, or their liability increased beyond the terms of the contract of insurance, because the restriction of the remedy for the enforcement of the obligation or liability is removed or adjudged inoperative. Nor can it be said that these "attorneys in fact" were proper parties against whom the action could be brought by reason of their being viewed as "trustees of an express trust," or parties "with whom a contract is

made for the benefit of another." Code Civ. Proc. § 449. The contracts were made with the underwriters themselves. A mere inspection determines the question beyond a doubt, and nothing in the pleadings gives support to an assumption that there was any relation of a fiduciary nature between these attorneys and the underwriters. Nowhere does it appear that the funds applicable to this insurance are in the hands of any one other than the underwriters themselves. Furthermore, section 449 of the Code of Civil procedure operates only as to parties plaintiff, not as to parties defendant. It follows that the demurrers should be severally overruled, with costs. Leave to answer upon payment of costs within 20 days.