LEITER v. BEECHER et al.

(Supreme Court, Appellate Division, First Department. March 20, 1896.)

INSURANCE — UNDERWRITERS' POLICY — PROVISION FOR ACTION ONLY AGAINST AGENT—VALIDITY.

> A provision in a fire policy issued by the agents of an association of underwriters, providing that an action on the policy can be brought only against such agents, as attorneys in fact of the underwriters, is valid, and authorizes an action on the policy against the agents, as attorneys in fact of the underwriters.

Appeal from special term, New York county.

Action by Isaac H. Leiter against Henry B. Beecher and another on an underwriters' contract of insurance. From a judgment overruling a demurrer to the complaint, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

W. C. Beecher, for appellants.
S. G. Adams, for respondent.

RUMSEY, J.  This action is brought against the defendants, Henry B. Beecher and Vincent R. Schenck, upon a contract of insurance made between the plaintiff, on the one part, and these two defendants, as agents for certain underwriters doing business under the name and style of the Metropolitan Lloyds of New York City.  The complaint does not contain the contract in the precise words in which it was written, but it sets up the contract according to its tenor.  This is, in substance, that about the 15th day of June the defendants, acting as attorneys for the underwriters, duly entered into a contract with the plaintiff by which they covenanted, for a consideration paid by the plaintiff, to insure the plaintiff's property against fire, for the sum of $1,000.  The property is then described in the complaint, and certain privileges contained in the policy, and an agreement for the payment of the loss pro rata in certain cases, are set out, which need not be considered here.  Then follows an allegation that it was further agreed that, in case of a loss or damage by fire to the plaintiff's property, the defendants (who are the agents, and not the principals) should pay to the plaintiff the sum of $1,000 of the amount found due and payable under the contract of insurance, upon proof to the defendants of such loss, etc.  The complaint then contains allegations that there was a loss, and the amount of it, and that the amount has become due, and the defendants have failed to pay.  Then follows a statement that, pursuant to said contract of insurance, it was agreed that the underwriters should pay to the plaintiff the said loss in equal proportions, share and share alike.  Then follows in the complaint the statement of the particular provision of the policy upon which certain questions are sought to be presented in this appeal.  That statement is as follows:

"No action shall be brought to enforce the provisions of this policy, except against the general managers, as attorneys in fact, and representing all the underwriters; and each of the underwriters hereby agrees to abide the result of any suit so brought, as fixing his individual responsibility hereunder."

The defendants demurred to the complaint upon the ground that it does not state facts sufficient to constitute a cause of action. Whatever may be the precise wording of the contract presented by this complaint, when it shall be set out in hæc verba, this demurrer must be decided upon the allegations of the complaint.  It is plain from those allegations that although the defendants, who are Beecher and Schenck, and no one else, are alleged to have signed this contract of insurance as agents of certain underwriters, yet the contract contained provisions which must necessarily have been intended to bind them personally, and which, unless so construed, would be entirely without any meaning.  The defendants are therefore liable personally upon those provisions of the contract, although they signed only as agents.  1 Pars. Cont. 64; 2 Kent, Comm. 631.  The complaint alleges that the defendants agreed to pay, and that of itself, in connection with the allegations of the plaintiff setting out the right of action against somebody upon this policy, would be sufficient to require the affirmance of this judgment without further consideration.  But the case

was not argued upon any such theory, and the questions which are raised are fairly presented by the facts, so that we feel at liberty to decide them, and not permit the case to go off upon the grounds above cited.

It is claimed by the plaintiff that he is entitled to maintain this action upon that portion of the contract which is quoted above, to the effect that no action shall be brought to enforce the provisions of the policy, except as against these two defendants, as attorneys in fact, and representing the underwriters. The defendants claim that this provision of the contract is void, as against public policy, because it ousts the court of jurisdiction, and, being void, of course that no cause of action can be predicated upon it. There is no doubt of the rule that any contract by which parties agree to submit their matters in difference to arbitration will not be enforced by the courts. Delaware & H. Canal Co. v. Pennsylvania Coal Co., 50 N. Y. 250. Such contract is not void in the sense that it is of no force whatever, because if the parties carry out the agreement, and appoint arbitrators who act in the matter, their award will be confirmed, and judgment entered upon it in the usual way. The extent to which the courts have carried the rule is simply that they will not enforce a specific performance of it in equity, nor will they permit such an agreement to operate as a defense if it is pleaded as an answer to an action upon a contract. While the rule is well settled, yet it is not one which should be extended. In the case last cited the court say:

"The better way, doubtless, is to give effect to contracts when lawful in themselves, according to their terms and the intent of the parties; and any departure from this principle is an anomaly in the law, not to be extended or applied to new cases unless they come within the letter and spirit of the decisions already made. The tendency of the more recent decisions is to narrow, rather than to enlarge, the operation and effect of the prior decisions limiting the power of the contracting parties to provide a tribunal for the adjustment of possible differences without a resort to the courts of law, and the rule is essentially modified and qualified."

The true rule to be applied in the construction of the contracts on that subject seems to be that laid down in Re New York, L. & W. R. Co., 98 N. Y. 450, and is as follows:

"Parties, by their stipulations, may in many ways make the law for any legal proceeding to which they are parties, which not only binds them, but which the courts are bound to enforce. They may stipulate away statutory, and even constitutional, rights. They may stipulate for shorter limitations of time for bringing actions for the breach of contracts than are prescribed by the statutes, such limitations being frequently found in insurance policies. They may stipulate that the decision of a court shall be final, and thus waive the right of appeal. And all such stipulations, not unreasonable, not against good morals or sound public policy, have been and will be enforced; and generally all stipulations made by the parties for the government of their conduct, or the control of their rights, in the trial of a cause, or the conduct of a litigation, are enforced by the courts."

The rule is expressed by the maxim, "Modus et conventio vincunt legem."

When we examine this contract, so far as the parties to this present situation are concerned, we see, however, that it is not a contract in any way to oust the courts of jurisdiction. It is, on

the contrary, so far as these agents are concerned, a contract to subject themselves to the jurisdiction of the court in a matter as to which, probably, but for the contract, no action would lie against them. Certainly none would lie for the purpose of fixing the amount of the liability of any one else. The effect of this action is not by any means to oust the courts of jurisdiction, because the plaintiff is insisting that the courts have jurisdiction under it, and are endeavoring to sustain the right of the court to enter a judgment upon it. If the plaintiff had sued the underwriters upon this policy, and they had pleaded that under this clause of the contract no action would lie against them, then the question whether the contract was void because it ousted the courts of jurisdiction against them would arise. In that case it might be necessary to examine into the correctness of the decision of the case of Knorr v. Bates, 12 Misc. Rep. 395, 33 N. Y. Supp. 691, but that question is not presented here. The true construction of the contract is that the fact of the liability of the underwriters, when a claim is made under this policy, and the amount to be paid by each one, if there is a liability, is to be ascertained by this action. It is of the same nature as the ordinary contract in a policy of insurance providing for an arbitration to be had in case of a disagreement between the parties. It appears by this complaint that the number of underwriters is large, and the expense of maintaining an action against them, the effect of which could only be to recover from each one a comparatively small sum, would be considerable, in proportion to the amount of money to be recovered. It is very proper that the parties should provide by their contract, as they may, that this expense shall be avoided, and that the amount to be paid shall be fixed in one action against a small number of defendants, rather than in several actions, or against a great number of separate people. Within the rule laid down in the case of In re New York, L. & W. R. Co., above cited, the contract would authorize the court to fix the total sum to be paid, and apportion it among the principals, who are parties to the contract, and who have in it agreed that very thing might be done. If, upon examination, it shall be found that the defendants here have also become personally liable to pay the amount due to the plaintiff upon the policy, there is no doubt of the power of the court to direct judgment against them, either with or without the other judgment, apportioning the amount to be paid by the several underwriters. So far as the judgment fixes the amount to be paid by each one of the underwriters who are parties to the contract, they will undoubtedly be bound by it, although they are not parties to the action. Each one of them agrees to abide the result of this suit, and therefore they are within the rule that, if one agrees to be bound by the result of a suit between other persons, he is bound by the judgment in that suit, although he is not a party to it. Rapelye v. Prince, 4 Hill, 119; Insurance Co. v. Wilson, 34 N. Y. 275, 280. There is presented here a case in the first class of those mentioned by Smith, J., in the case last cited, in which the covenantor expressly makes his liability depend on the

result of a suit between others. The judgment there is evidence against him. It is said by Judge Smith, delivering the opinion of the court of appeals in that case, that the judgment is conclusive; and such we think is the logical result of the agreement of the underwriter to be bound by the result of the suit, because that is the very object for which the action is brought, and unless that object can be obtained the contract is to that extent rendered of no avail.

Our conclusion is that by reason of the clause quoted above, by which the attorneys in fact agree to be sued upon this policy to establish the liability, the complaint contains a good cause af action; and judgment overruling the demurrer to it should be affirmed, with costs, with leave, however, to the defendants to withdraw the demurrer and answer on payment of the costs of the demurrer in the court below, and of this appeal, within 20 days. All concur.