## THE ENTERPRISE LUMBER COMPANY v. JOSEPH S. MUNDY.

Argued February 21, 1898—Decided June 13, 1898.

1. In a "Lloyd's" policy of fire insurance, where the attorneys in fact for the underwriters are also underwriters and so named in the policy, the stipulation or condition that, "no action shall be brought by the assured to enforce the provisions of this policy except against the attorneys in fact, as representing all of the underwriters, and each of the underwriters hereby agrees to abide the result of any suit so brought as fixing his individual responsibility thereunder," is valid and binding on all the underwriters and not contrary to public policy, and its enforcement does not oust the courts of jurisdiction, but tends to prevent a multiplicity of actions.

2. The force and effect of a judgment obtained by the assured in an action against such attorneys in fact is to establish, *prima facie*, the proportionate amount of loss and liability of each of the other underwriters, in order that the assured may, by action, enforce the policy against all the underwriters to the extent of the liability of each for his proportionate amount of his share of loss, and to satisfy such judgment out of the undivided premiums and deposits in the hands of such attorneys in fact. The action and judgment are treated as a condition precedent to the individual, separate liability of each of the other underwriters, and the claim of the assured as to such other underwriters for his loss does not become merged in the judgment against such attorneys in fact. Such an action and judgment on the part of the assured becomes necessary as the performance of a condition precedent to the liability of the other underwriters, and in an action against them or each of them by the assured, such judgment is *prima facie* proof of the proportionate liability of each of them, and

the action is upon the policy or contract of insurance, and not upon the judgment.

3. Where a condition contained in the policy provides that the liability of each underwriter upon such policy shall not exceed the sum of $1,000, and that upon all policies in force shall not exceed the sum of $5,000, the declaration need not set out such condition and then negatively aver that such liability of the underwriter has not been exhausted or discharged. This condition is in the nature of a condition subsequent for the protection of the insurer by way of defence to the action and must be pleaded by the defendant. The plaintiff is not bound to aver and negative the several provisions contained in a policy which are in the nature of conditions subsequent, which go to defeat the liability of the insurer.

On demurrer to the first count of the declaration.

Before Justices LIPPINCOTT, LUDLOW and GUMMERE.

For the plaintiff, *Colie, Swayze & Titsworth.*

For the defendant, *Riker & Riker.*

The opinion of the court was delivered by

LIPPINCOTT, J. The first count of the declaration to which the demurrer has been filed is as follows:

"Essex county, *ss.*—Joseph S. Mundy, the defendant in this suit, was summoned to answer the Enterprise Lumber Company, a corporation, in an action upon contract, and thereupon the said plaintiff, by Colie, Swayze & Titsworth, its attorneys, complains:

"For that whereas heretofore, to wit, on the nineteenth day of October, in the year of our Lord one thousand eight hundred and ninety-four, at the city of New York, to wit, at Newark, in the county of Essex aforesaid, in consideration of the receipt by the defendant, and each of the other insurers hereinafter named, of his proportion of the sum of one hundred and forty-three dollars and seventy-five cents, which sum was then and there paid by the said plaintiff to William C. Beecher and Arthur White, partners trading as Beecher

& Co., who was then and there the attorneys in fact for the said defendant and for Charles A. Fierz (and others), and the said defendant and the said Charles A. Fierz (and others), by the said William C. Beecher and Arthur White, partners as Beecher & Co., their attorneys in fact, duly authorized for that purpose, together with the said William C. Beecher and Arthur White individually, caused to be made a certain writing or policy of insurance, a copy of which is hereto annexed and made part hereof, in and by which policy the persons above named, whose names are subscribed thereto, did separately and not one for the other or for any of the others, agree to insure for the separate amounts placed after their names respectively, that is to say, the sum of three hundred and fifty-nine dollars and thirty-seven and one-half cents each, the said The Enterprise Lumber Company, for the term of one year from the nineteenth day of October, eighteen hundred and ninety-five, at noon, against all direct loss or damage by fire to the property described in said policy and hereafter described, to an amount not exceeding in the aggregate the sum of fifty-seven hundred and fifty dollars, and for a *pro rata* proportion of the following amounts:

[Here follows a particular description of the property by items insured, as set out in the policy, and the amount of insurance on each item and the situation thereof.]

"In and by which said policy of insurance, in consideration of the payment by the plaintiff of the sum aforesaid, the said defendant undertook and promised to abide the result of any suit brought against the said William C. Beecher and Arthur White, attorneys in fact, as representing all the underwriters as fixing individual responsibility of the said defendant under said policy, and thereby for the consideration aforesaid undertook and promised to pay to the said plaintiff such sum as in a suit against the said William C. Beecher, as Beecher & Co., should be adjudged to the individual responsibility of the said defendant under the said policy; and the plaintiff avers that after the making of the said policy and the payment of the said premium by the plaintiff as aforesaid,

to wit, on the eighth day of May, eighteen hundred and ninety-five, the property of the plaintiff described in said policy, while situate as above mentioned, was without any fault or misconduct on the part of the plaintiff burned, damaged, injured and destroyed by fire, which fire did not happen from any of the causes excepted in said policy, and in which property on the said eighth day of May, eighteen hundred and ninety-five, when the same was destroyed by fire, the plaintiff had an interest as owner to an amount exceeding the amount of the insurance thereon, and that afterwards, to wit, on the twenty-eighth day of March, eighteen hundred and ninety-six, an action was brought by the now plaintiff to enforce the provisions of the said policy against William C. Beecher and Arthur White, composing the firm of Beecher & Co., as attorneys in fact for the said Joseph S. Mundy, and one William A. Harper and James B. Pace, two of the other underwriters whose names were subscribed to the said policy, in the Supreme Court of the State of New York, a court of general jurisdiction, in which action, by the judgment of the said court, the individual responsibility of the said defendant, under said policy, was fixed at the sum of one hundred and eighty-six dollars and eighty-five cents, and a separate judgment rendered in the said action against the said defendant for one hundred and eighty-six dollars and eighty-five cents, besides nine dollars and twenty-three cents costs of suit, to wit, on May the twenty-ninth, eighteen hundred and ninety-six, which said sum of one hundred and eighty-six dollars and eighty-five cents was the said Joseph S. Mundy's proportionate part of the aggregate amount payable to the plaintiff under said policy, and the plaintiff avers that he has well and truly kept all the conditions on his part to be performed and kept in said policy of insurance contained, and that there are no premiums in the hands of the underwriters unexpended and undivided, and no deposit in the hands of the said underwriters or their attorneys in fact out of which the said judgment can be satisfied, whereby an action hath accrued to the said plaintiff to demand and have of and from the said de-

fendant the sum of one hundred and ninety-six dollars and eight cents."

The policy is annexed to the declaration and made a part thereof. For the purposes of the case as now presented it is only necessary to cite the following provisions:

"No action shall be brought by the assured to enforce the provisions of this policy except against the attorneys in fact as representing all of the underwriters, and each of the underwriters hereby agree to abide the result of any suit so brought as fixing his individual responsibility thereunder.

"Judgment entered in such action shall be satisfied out of the premiums in the hands of the underwriters unexpended and undivided; if such premiums shall be insufficient, then out of the individual liability of the several underwriters as hereinbefore expressed and limited, but in no case shall a judgment bind the property of the said attorneys to a greater extent than the several liabilities of each of them as individual underwriters.

"The liability of each of the underwriters in case of any loss, and the amount insured by each underwriter in case of any loss, and the amount insured by each underwriter, shall be his proportionate part of the aggregate amount payable to the insured upon such loss, and no one of the underwriters shall be, in any event, liable under this policy for an amount exceeding the sum of one thousand dollars. In no event or contingency shall any underwriter hereon be liable for any other underwriter's liability hereon, the liability assumed hereby by each underwriter being separate and individual only as if each underwriter had issued to the assured herein a separate policy—their liability being several, not joint—and the total liability of each underwriter on all policies now or hereafter in force, after the application of the total unexpended and undivided premiums, shall not exceed five thousand dollars (the original subscription of $1,000 each being therein included)."

It is noticed that this count of the declaration avers that the attorneys in fact were also underwriters of the policy of

insurance; also, that the assured, the plaintiff in the action. and judgment in the State of New York against the attorneys in fact as underwriters, and the plaintiff in this action, had complied with and performed all the conditions contained in the policy of insurance on its part to be complied with and performed.

This action is founded upon what is familiarly known as a " Lloyd's " contract or policy of insurance, where the insurers are such as individuals and not as a corporate insurance company, and where the liability for loss, under the contract, of the individual underwriters is several and not joint. The validity of such insurance, in the absence of statutes prohibiting the same, is well established. *Noble* v. *Mitchell*, 100 *Ala.* 519; *S. C.*, 25 *Lw. Rpts. Ann.* 238 and cases cited in notes; *State* v. *Stone*, 118 *Mo.* 388; *Fort* v. *State*, 23 *Lw. Rpts. Ann.* 86 and cases in note; *Commonwealth* v. *Reinohl*, 3 *Pa. Dist. Rep.* 287; *Clay Fire Insurance Co.* v. *Huron Salt Co.*, 31 *Mich.* 346; *Union Insurance Co.* v. *Smart*, 60 *N. H.* 458; *Commonwealth* v. *Vrooman*, 164 *Pa. St.* 306; *Arrott* v. *Walker*, 118 *Pa.* 249; *State, Hoadley* v. *Board of Insurance Commissioners*, 37 *Fla.* 564.

The power to do business in other states than the one in which such associations are formed is unqualified in the absence of limiting or prohibiting statutes. *Louisville Safety Vault and Trust Co.* v. *Louisville and Nashville Railway Co.*, 14 *Lw. Rpts. Ann.* 579 and cases cited in notes; *Cooley Const. Lim.* (*6th ed.*) 24 and cases cited.

The first ground of demurrer is that no liability of the defendant is shown by the declaration, because one of the clauses of the policy to which reference has been made discloses the condition that the total liability of each underwriter on all the policies in force at the time the one on which this action is founded was issued, and on all the policies thereafter in force after the application of the total unexpended premiums or undivided premiums, shall not exceed $5,000, the original subscription of $1,000 each being included therein, and that the declaration does not aver that such lia-

bility of the defendant, as one of the underwriters, has not been discharged or exhausted under this condition.

It is conceived that this condition, if relied upon by the defendant, can be only set up by way of a plea in bar of the action. The declaration avers that there are no unexpended or undivided premiums or deposits, and it is only the defendant who can know whether his liability upon all the policies issued has been exhausted. This fact could only arise upon the payment of losses by the defendant upon policies or by having his liability fixed on the same, and these facts would be peculiarly within the knowledge of the defendant and could not be supposed to be within the knowledge of the assured in such a manner that he could make the condition the subject of a negative averment. The plaintiff has generally averred the performance of all the conditions on his part to be performed, and the limitation of this particular condition is for the protection of the defendant from liability beyond a certain sum, and not of the action of the plaintiff upon the contract. It must be pleaded the same as the defendant would plead payment, release, accord and satisfaction, or any situation under a condition in the policy which would relieve him from liability. All that is necessary for the plaintiff to do is to set forth so much as will show a right to recover. 2 *May Ins.*, § 589 ; 2 *Greenl. Ev.* (13*th ed.*), § 376. The plaintiff is not bound to aver and negative the several provisions contained in the policy which are in the nature of conditions subsequent, the existence of which would avoid liability on the policy. *Whittle* v. *United Fire Insurance Co.* (*R. I.*, 1897), 38 *Atl. Rep.* 498. Hence it follows that the various limitations, conditions and stipulations of a policy which are in the nature of conditions subsequent and go to defeat the liability of the insurer, are matters of defence and have no place in the declaration. *Lounsbury* v. *Protection Insurance Co.*, 8 *Conn.* 459 ; *Den* v. *Steelman*, 5 *Halst.* 193, 204.

The other ground of demurrer is that the action as set forth in the declaration is upon the contract or policy of insurance,

whereas if the right of action exists at all, it should be founded upon the judgment in the Supreme Court of the State of New York, and that if any action can be maintained, it can only be upon the record of such judgment, as the claim against the defendant at the suit of the plaintiff, if any ever existed, has become merged in such judgment.

It must be observed from the declaration that the judgment in the State of New York, at the suit of the plaintiff, is not against the defendant in the present action; he was not a party to that action, nor was process served upon him; he did not nor could he appear to such action, and there is no principle of law, the application of which would render such a judgment a general one against the defendant, valid and enforceable against him as such. No process of execution could issue against the defendant. Even though he be considered as a joint debtor with the attorneys in fact, against whom the judgment was rendered, he was not made a party to the action, nor process served upon him, and therefore the judgment could not have the effect of merging the cause of action of the plaintiff, as to the defendant, and much less would this be the effect where the debt or liability be a several and not a joint one. *Mackay et al.* ads. *Gordon et al.,* 5 *Vroom* 286; *D'Avery* v. *Ketchen,* 11 *How.* 165; *Mason* v. *Eldred,* 6 *Wall.* 231; *Bonesteel* v. *Todd,* 9 *Mich.* 371; *Oakley* v. *Aspinwall,* 4 *N. Y.* 514. Upon general principles the judgment in New York could have no such force as is claimed for it by the demurrant.

In order to determine the objection raised to the declaration, it becomes necessary to consider the validity of the condition of the policy of insurance upon which the judgment is based and its force and effect under this condition.

The action as shown by the count against which the demurrer is filed is not, nor is it intended to be, upon the judgment obtained in the State of New York. The count sets out the policy of insurance, the loss accruing to the property of the insured by fire, the ascertainment by the judgment, under the condition, against the attorneys in fact who were

underwriters with the defendant, of the proportionate amount of loss and liability against the defendant, alleges that there are no unexpended or undivided premiums or deposits in the hands of such attorneys in fact wherewith to satisfy such loss, and then avers the individual liability of the defendant for such proportionate amount of loss as thus fixed and determined according to the express provisions of the policy, and the promise and undertaking of the defendant arising from the policy, as one of the other underwriters, to pay such proportionate amount.

It will be seen that the judgment in New York is treated by the pleader as necessary to be averred as a condition precedent to liability upon the part of the defendant. This is the general purpose of the averment of the judgment. The policy, in clear terms and limitations, defines the manner in which the proportionate loss and liability of each underwriter shall be established, and expressly prohibits, primarily, any action by the insured against any other underwriters than the attorneys in fact to enforce such liability. It is clear that the assured must proceed by action against the attorneys in fact, who also are underwriters answering for their own liability, and standing in the place, for certain purposes under the condition, of all the others. The action by the plaintiff was for the purpose of determining and ascertaining the amount due from each underwriter to him, and for the purpose of having such loss and the amount so ascertained satisfied out of unexpended premiums or deposits in the hands of the attorneys in fact, into whose hands all premiums and deposits are paid, and it is only after the judgment in said action is obtained that resort can be had to the personal or individual liability of the underwriter, and then only after it be ascertained or averred that the premiums and deposits in the hands of the underwriters, who are attorneys in fact, have been exhausted; and it is only after such exhaustion that the promise of the individual underwriters under the policy becomes vitalized in favor of the assured. Judgment, therefore, is only the evidence of the ascertained amount for which the individual

underwriter is liable upon his promise to the assured. It must be perceived that this is the only effect of this judgment, and this is the only force given to it by the condition in question. The process was not against the defendant and he was not served with it. It is unnecessary to discuss the result if the process had been against him with service made upon the other underwriters who were the attorneys in fact. That is not the case here, and under the process against the attorneys in fact no defence to the action could have been made by the defendant underwriter nor could he have appeared to the action with any effect. It is not such a general judgment against him as would give any right to final process of execution. By the terms of the policy to which he agreed it does create against him at least a *prima facie* liability (whether conclusive or not need not here be determined), to which his agreement or promise to pay under the policy attaches, and gives the assured a right of action against him. This New York action and judgment is but a condition precedent to the liability of the defendant as an individual underwriter under the policy. The condition being performed by the assured, the promise of the defendant contained in the policy becomes enforceable, saving any defence which he may have to the action in other respects. The claim of the assured is not merged in the judgment necessary to be obtained in order to comply with the condition of the policy to ascertain, in the first place, the amount of individual liability, and also to ascertain whether the undivided premiums and deposits are sufficient to satisfy the loss.

Whether an action could be maintained against each of the underwriters upon the policy, or against them all in the same action, without any regard to this condition of the policy and the judgment thereon, need not be determined here.

This policy of insurance is a contract made between the assured and the defendant, in the State of New York, under the laws thereof, and, although no statutory provision of that state has been cited which controls the matter, yet the courts of that state have given construction to this class of contracts

of insurance so far as to determine the force and effect of the condition of the policy in question and the judgment obtained in accordance therewith.

In the case of *Knorr* v. *Bates*, 33 *N. Y. Supp.* 691 (*New York Common Pleas*), a condition or limitation precisely the same as the one in question in this case was declared absolutely void as contrary to public policy, as an ouster of the civil courts of their jurisdiction, and depriving the assured of his civil rights to institute an action for redress, and depriving the court of the power to extend redress, and in these respects the provision contravened public policy, and so was illegal and inoperative. *Knorr* v. *Bates*, 35 *N. Y. Supp.* 1060.

This doctrine was followed in *Walker* v. *Beecher*, 36 *N. Y. Supp.* 470, and *Fargeon* v. *Fogg*, 37 *Id.* 980 (*Supreme Court, Special Term*), and in *Biggert* v. *Hicks*, 42 *Id.* 236 (*City Court, Van Wyck, J.*)

The question in these cases was raised and discussed either on demurrer to the complaint of the assured against individual underwriters, which did not aver that any suit had been instituted under the provisions of the policy, or upon answers setting up the non-compliance with this condition.

In these cases the attorneys in fact, under this provision of the policies, were not also underwriters, and this fact was made the reason for the holding upon the questions involved under this condition of the policy.

In these cases the demurrers or pleas were overruled on the ground that the condition was void, but in expunging this provision from the contract all the decisions go to the extent, independent of this provision, of upholding the right of action of the assured against each and all of the underwriters for the loss sustained. These decisions hold that the promise of the underwriter to pay the loss was wholly independent of the promise of the assured to enforce the payment of the loss only, or, in the first place, in an action against the attorneys in fact of the underwriters. These cases, as decided, give no legal force or effect to this condition of the policy, but sustain the contract of insurance after separating the pro-

vision from it. The contract of insurance remains capable of enforcement.

In the case of *Evans* v. *Hooper*, 1 *Q. B. Div.* 45, it was held that an action could not be maintained by the mere manager or attorney in fact of such an association, in behalf of the underwriters, or against him, by the assured, although it was stipulated in the policy that such and no other actions should be maintainable, because, not that the contract was against public policy, but that such mere attorney in fact was not within the consideration of the contract, and that actions thereon could only be maintained by the principals. Action could not be maintained by or against a mere agent, as he was not a party to the contract at all, and as between the plaintiff and defendant there was no consideration for the promise.

In *Hybart* v. *Parker*, 4 *C. B.* (*N. S.*) 209, it was held that it was not competent for the advertisers or shareholders in a mine risk to stipulate by the rules that unpaid calls should be recovered as a debt due from the defaulting shareholder to the purser. The purser was a mere agent, and not a party in interest, but merely an agent. There was no privity of contract and no consideration, and that it was not within the power of the contract to set up a plaintiff merely for the purposes of a suit.

But a very different rule prevails where such an action is between the assured and the attorneys in fact, who at the same time are underwriters, and it is in accordance with the condition of the policy. In such cases both the plaintiff and defendant are within the consideration of the policy. The plaintiff must aver performance of the condition precedent, and the defendant has the right to such performance as well as the averment of it.

In the determination of his liability he is entitled to the benefit of the contract fairly construed, and can stand upon all its stipulations. Such stipulations are of importance, as their general object is to define and determine the limits of risks assumed, and to point out the conditions and circum-

stances under which the assurer has agreed to become liable in case of loss. *McNally* v. *Phœnix Insurance Co.*, 137 *N. Y.* 389.

In the case of *Leiter* v. *Beecher*, 2 *App. Div.* 577 (37 *N. Y. Sup.* 1114), it is held that when the condition or stipulation in the policy, on which one hundred underwriters are severally liable for the one-hundredth part of the insurance, and that the insured should not sue more than one underwriter at one time, and that a final decision in an action thus brought should be decisive of the claim of the assured against each of the underwriters who agreed to abide the event, the condition is not void as against public policy, and in an action in which all the underwriters were made parties defendant, a plea that it was brought in violation of the agreement should have been sustained. See, also, *New Jersey and Pennsylvania Concentrating Works* v. *Ackerman*, 39 *N. Y. Sup.* 585 (*Supreme Court*), which latter case also holds the same principle.

The stipulation or condition in a " Lloyd's " insurance policy that no action " to enforce its provisions " shall be brought except against one of the underwriters, who is designated to represent all the others, and that they will abide the result of such action, is valid, as its enforcement does not oust the courts of jurisdiction but only tends to prevent a multiplicity of suits, and the action provided for is against one of the parties to the contract, not a mere agent or attorney, and that such a stipulation precludes separate actions on the policy against the several underwriters but does not prevent proceedings against them to enforce a judgment obtained in the action thus prescribed by the stipulation. *Lawrence* v. *Schaefer*, 42 *N. Y. Sup.* (*Trial Term*) 992 ; *S. C. affirmed*, 46 *Id.* 719 (*Appellate Division, Supreme Court, Fourth Department*).

In these cases it was further held that the provision precluded separate actions against the other underwriters until their liability had been fixed in an action against the attorney in fact, such attorney in fact being one of the underwriters.

" The power of the court to adjudicate on the rights of the parties to a ' Lloyd's ' policy is not restricted by a provision that no action should be brought on the policy except against

the attorneys in fact of the underwriters, and that each underwriter should abide the result of any suit so brought, and that judgment entered thereon should be satisfied, first, out of the premiums in the hands of the underwriters ; second, out of the deposits made by the several underwriters, and third, out of the individual liability of the underwriters, the only effect of such provision being that the fund owned by the underwriters might be reached in an action against their attorney in fact, who was the custodian of the fund, and that the individual liability of the underwriters should be fixed by the judgment and be enforced against them after the special funds should be exhausted." *Compton* v. *Beecher et al.,* 44 *N. Y. Sup.* 887 (*Supreme Court, Appellate Division, Fourth Department*); *Stieglitz* v. *Belding,* 45 *Id.* 670 (*Supreme Court, Appellate Division*).

In these latter cases the attorneys in fact were underwriters, and there seems to be a clear distinction between such cases and those cases where the attorneys were strangers to the contract and were merely attorneys, and were not otherwise interested, and therefore beyond the consideration of the contract.

The force and effect, therefore, of the condition in question and the judgment thereon in the State of New York, is to fix the individual liability of each of the underwriters, to be enforced if the funds named in the condition are not in existence to satisfy it by a separate action or proceeding against each of the underwriters. The policy clearly provides that each of the underwriters answers for his own proportionate share of loss and not for the loss of any other underwriter, and as no statute has been cited which provides a legal name for such an unincorporated association, the action, of course, must be against each individual underwriter for his proportionate liability.

The conclusion reached is that the judgment in New York against Beecher and White was only a valid one for the purposes expressed in the condition precedent in the policy, in order to reach certain funds in the hands of the attorneys in

fact and as a condition precedent required by the contract of insurance, in order to establish the liability of the defendant, to be enforced against him by an ordinary action at law.

In other words, the object and effect of such action and judgment, so far as the defendant here is concerned, was the ascertainment of the amount that was due from him to the plaintiff. The effect of the judgment is simply to adjust the amount which is due from each underwriter and necessary to be averred as a condition precedent to recovery.

The first count of the declaration here discloses a good cause of action, and judgment on the demurrer must be for the plaintiff, with costs.