JAMES W. WHEELOCK, Respondent, *v.* WILLIAM M. CHAPMAN, Attorney and Manager of THE CAPITOL FIRE LLOYDS of New York, Appellant.

*Lloyds policy of insurance — an action to enforce it may be brought against the general manager at the time of the loss.*

Under a Lloyds policy of insurance, providing that "no action shall be brought to enforce the provisions of this policy, except against the general manager as attorney in fact," etc., an action may be brought against the person who occupies the position of manager at the time a liability arises, although his predecessor's name may appear on the policy as "attorney and manager," especially when it appears that the manager thus sued had been appointed prior to the time the policy was issued and the loss sustained, and that an old printed form of policy having his predecessor's name thereon was used by the company.

Appeal by the defendant, William M. Chapman, attorney and manager of the Capitol Fire Lloyds of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 31st day of March, 1898, upon the decision of the court rendered after a trial before the court without a jury at the New York Trial Term.

*Mortimer M. Menken*, for the appellant.

*Abram Kling*, for the respondent.

McLaughlin, J. :

On the 24th of June, 1895, the plaintiff's assignor applied for insurance on certain property in the Capitol Fire Lloyds and received a policy, which, among other things, provided that " No action shall be brought to enforce the provisions of this policy, except against the general manager as attorney in fact, and representing all of the underwriters, and each of the underwriters hereby agrees to abide the result of any suit so brought as fixing his individual responsibility hereunder. Judgment entered in such an action shall be satisfied out of the premiums in the hands of the underwriters unexpended ; if such premiums shall be insufficient, then out of the deposit made by the several underwriters ; if both shall be insufficient, then out of the individual liability of the several underwriters, as hereinbefore expressed and limited ; but in no case shall the judgment bind the property of the said general manager." The policy bore the names of ten underwriters, and that of " W. J. Turner Lynch, attorney and manager." Thereafter and during the life of this policy the property covered by it was destroyed by fire; proofs of loss were duly made, and the defendant having refused to pay, the cause of action was duly assigned to this plaintiff, and he instituted this action to recover the amount of the loss sustained.

The plaintiff had a judgment and the defendant has appealed. The real ground urged by him for a reversal of the judgment is that the action should have been dismissed against the defendant upon the ground that the complaint and the evidence failed to make out a cause of action against him ; that the person who, under the terms of the policy, is made liable to respond for the loss sustained, is the attorney and manager, whose name appears on the policy, W.

J. Turner Lynch. But it appeared upon the trial that Lynch, prior to the time this policy was issued, had either resigned or been removed as attorney and manager of the Capitol Fire Lloyds, and that the defendant had been appointed, and was, at the time the policy was issued and the loss was sustained, acting as such attorney and manager. It also appeared that, when the policy was issued, the Capitol Fire Lloyds were, to the knowledge of the defendant, or at least to the knowledge of its Chicago agent, Russell, from whom the policy in suit was obtained, using old printed forms of policies with Lynch's name thereon. Under these circumstances, it ill becomes the defendant to urge that he should be relieved on that ground.

By the terms of the policy it will be observed that any judgment obtained must be satisfied out of the premiums in the hands of the underwriters before the underwriters became personally liable. The defendant, as attorney and manager, held, so far as appears, the unexpended premiums. He was managing the business and collecting the premiums as they became due. It is, therefore, difficult for us to see just what avail it would be to the plaintiff to have a judgment against W. J. Turner Lynch, and the defendant has not attempted to satisfy us upon that point. In *Leiter* v. *Beecher* (2 App. Div. 577) this court held that a provision in a fire insurance policy, issued by the agent of an association of underwriters, providing that an action on the policy can be brought only against such agent as attorney in fact of the underwriters, is valid, and authorizes an action on the policy against the agent as such attorney. The defendant, at the time the policy was issued and the action brought, was actually the attorney. He received the proofs of loss at the place of business of the company. The policy, by its terms, provides that an action to recover a loss sustained shall be brought against "the general manager as attorney in fact" of the underwriters. This was the defendant and not Lynch. Lynch had either resigned or been removed. He had no connection with the company from the inception of the policy to the time the judgment appealed from was entered.

The action was properly instituted against the defendant. The judgment is right and should be affirmed, with costs to the respondent.

BARRETT and RUMSEY, JJ., concurred.

BARRETT, J. :

The defendant's liability is purely official. It attaches solely to his position. The only individual liability is that of the ten underwriters who signed the policy. They, and they alone, are practically interested in the action. It is expressly provided in the policy that "in no case shall the judgment bind the property of the said general manager." It is further provided that "no action shall be brought to enforce the provisions of this policy except against the general manager as attorney in fact and representing all of the underwriters, and each of the underwriters hereby agrees to abide the result of any suit so brought as fixing his individual responsibility hereunder." The person who actually is such general manager at the time a liability arises under the policy is clearly the person contemplated by this provision. It is he, and not his predecessor, against whom the action must be brought. He has succeeded to the latter's representative liability under the contract. And this is undoubtedly so notwithstanding the fact that the predecessor may have signed the policy, and may have been named therein as the then existing representative of the underwriters. The underwriters have surely a right to insist upon the action being defended by their acting representative. Indeed, they could justly refuse to abide the result of a suit brought against a person who had ceased to act for them, to whom they could give no direction and over whom they could exercise no control. This nominal liability of the general manager does not depend upon his or any other agent's signature to the policy, but upon the contract of the underwriters, which requires this action to be brought against him as their representative. This contract, under which the business in question is conducted, he adopts when he assumes the position of general manager. Upon its face it defines his duty, namely, that he shall suffer himself to be made defendant in the concrete action which, to save themselves expense and trouble, his principals have made a condition precedent to recovery. He thus assumes the attitude of a defendant in any such representative action as the contract imposes upon the assured.

I concur, therefore, in the affirmance of the judgment.

Judgment affirmed, with costs.