(26 Misc. Rep. 315.)

AMERICAN LUCOL CO. v. BLANCHARD et al. SAME v. FISH et al. SAME v. CALDWELL et al.

(Supreme Court, Trial Term, New York County. February, 1899.)

**1. LLOYD'S INSURANCE—COMPLAINT—MISJOINDER OF CAUSES.**

A complaint on an insurance policy, against several underwriters, which alleges that defendants severally agreed to pay their proportionate share of any loss, and that the loss was apportioned, and the amount·due under the policy fixed, and which asks for judgment against defendants in a certain sum each, being his proportion, shows a misjoinder of causes of action.

**2. SAME—ACTION AGAINST UNDERWRITERS.**

Attorneys in fact for certain underwriters appointed deputy attorneys, who signed the policies in suit. Thereafter the underwriters substituted other attorneys, and procured new underwriters to assume the policies. The latter failing to pay the losses, some of the first underwriters directed the first attorneys to adjust the losses. The policies required actions to be brought against the attorneys in fact. Owing to the limitation of actions to one year after the loss, and to the. condition of the calendars, the insured could not bring a second action. *Held,* that they might bring the action against the original underwriters.

Actions by the American Lucol Company against Theodore E. C. Blanchard and others, Frederick Fish and others, and James H. Caldwell and others, on insurance policies. Judgment for plaintiff.

Parrish & Pendleton, for plaintiff.

Wm. C. Beecher, for defendants.

BOOKSTAVER, J. Two defenses are set up: (1) That the action was not brought against the attorneys in fact, as required by the terms of the respective policies; (2) that causes of action have been improperly joined. As to the latter defense, it is enough to say that it was waived by failing to demur to the complaint. The defendants contend that the defect did not appear upon the face of the complaint; that, so far as appeared, the liability of the various defendants was for the entire amount. The complaint does not warrant such a construction. It avers that the defendants "severally agreed to pay, respectively, their proportionate portion or share of any loss by fire to the property thereby insured, not exceeding in the aggregate the said sum of $5,000 aforesaid"; that there was other insurance on the property; that the loss, after adjustment, was apportioned among all the insurers; and that the amount of $2,504.70 was fixed as the amount due under this policy. Judgment is asked against the defendants "in the sum of $125.23 each, being their proportionate part of said loss." It is obvious that this is not a case like Isear v. Daynes, 1 App. Div. 557, 37 N. Y. Supp. 474, which the court referred to in Straus v. Hoadley, 23 App. Div. 360, 48 N. Y. Supp. 239, and said "was an action upon a policy of insurance underwritten by fifty defendants, each of whom was liable, so far as appeared, for the whole amount," but is rather like the Straus Case, in which the court said there was "a distinct specific liability of each individual underwriter for a certain fractional amount, and not the whole." The complaint was held demurrable, under subdivision

7 of section 488 of the Code, relating to misjoinder of causes of action. That objection is waived (section 499) by failing to demur. See Concentrating Works v. Ackermann, 6 App. Div. 541, 39 N. Y. Supp. 585.

There remains the question whether the action should have been against the attorneys in fact instead of the underwriters themselves. It appears that the original attorneys in fact were William C. Beecher and Arthur White, doing business as Beecher & Co. They appointed Henry B. Beecher and Vincent R. Schenck, who also did business under the firm name of Beecher & Co., as assistant or deputy attorneys in fact, which latter firm signed the policies in suit. Subsequently, owing to impending troubles, the firm of Edwards & Co. was substituted as attorneys in fact by a resolution of the underwriters, who then sought to avoid liability by procuring other underwriters to take their places and assume their policy contracts, turning over to such new underwriters the funds accumulated to meet losses. These funds were exhausted or dissipated before this action was brought. It also appears that when the new underwriters failed to respond to the liabilities, and the insured who had sustained losses were seeking to charge the original underwriters, some of the latter had a meeting, and instructed William C. Beecher or his firm of Beecher & Co., to adjust losses and cancel outstanding policies. No attempt was made to carry on the business, but only to bring it to as speedy a close as possible. Under such circumstances, I do not think the requirement of the policy that suit thereon should be brought only against the attorneys in fact should be enforced. The provision is doubtless a valid one, and is also of great value and convenience to the underwriters as well as to the policy holders, where the contract and circumstances are such that there are any attorneys in fact existing, against whom a single suit can be brought to determine the liability of all the underwriters. But the courts should not be strict to enforce this requirement, when the defendants themselves have created such a situation that policy holders would have to decide at their peril which, if any, of three firms was the proper one to proceed against. As a wise and commendable provision against a multiplicity of vexatious suits against members of a going concern, the requirement should be broadly enforced; but as a technicality resorted to when disaster has come, and for the purpose of evading liabilities undisputed on their merits, it should be viewed in quite a different light. An examination of the various reported cases against companies of this kind shows that, whoever has been sued, the claim has been set up that some one else should have been. An important fact to be kept in mind is that premiums have been paid and losses sustained by the various plaintiffs, who, with the law on such cases in a very unsettled state, with decisions overruling, doubting, distinguishing, approving, or holding silence towards other decisions, have been in a difficult situation, especially as there was, owing to the limitation of actions to one year after the occurrence of the loss and to the condition of the calendars, no opportunity for a second action in case the first should prove to be against the wrong parties. The defendants rely upon

the recent case of Wheelock v. Chapman, 34 App. Div. 464, 54 N. Y. Supp. 327, in which an action was maintained against the defendant, as general manager, although he did not sign the contract in any capacity; but on the contrary a printed form was used, containing the names of the 10 underwriters, and of his predecessor in the office of attorney and manager, as authority for holding that the plaintiff should here have brought its action against the acting attorneys in fact, irrespective of the fact that the policy was signed by their predecessors, and not by them. The Wheelock Case is distinguishable from this, however. There, as here, the insured, through no fault of their own, were apparently put in a position of difficulty, in ascertaining who was the representative to be sued. The court said that, under the circumstances, it ill became the defendant to object to being sued on the policy. That was not to say that suit might not have been maintained against the underwriters directly. In this case, it may be held that the action against the underwriters is proper, without thereby deciding, by necessary implication, that the acting attorneys in fact might not have been sued instead. Upon this latter point, however, it should be observed that all the policies in this case provide that "in no case shall the judgment bind the property of the said attorneys to a greater extent than the several liabilities of each of them as individual underwriters," while the corresponding clause in the case last cited was "in no case shall the judgment bind the property of the general manager," without any words to indicate that he must be an underwriter as well. I think, therefore, that these actions were properly brought, and that the plaintiff should have judgment for the several amounts demanded in the complaints, with interest and costs.

Judgment for plaintiff, with interest and costs.